317 S.E.2d 802

**Clyde W. DOLIN**

v.

**Virginia L. ROBERTS, Commissioner, West Virginia Dept. of Motor Vehicles.**

**No. 15896.**

Supreme Court of Appeals of West Virginia.

June 12, 1984.

Andrew S. Nason, Pepper & Nason, Charleston, for appellant.

Fredrick S. Wilkerson, Asst. Atty. Gen., Charleston, for appellee.

McGRAW, Justice:

The appellant, Virginia L. Roberts, Commissioner of the West Virginia Department of Motor Vehicles, appeals from an order of the Circuit Court of Boone County granting the appellee, Clyde W. Dolin, a writ of prohibition which prevented an administrative hearing on the suspension of Dolin's license. The sole issue in the case is whether a twenty week delay between Dolin's arrest for drunk driving and the suspension of his license violated either West Virginia Code § 17C–5A–1(c) (1983 Supp.), or his procedural due process rights.

At 1:37 a.m. on March 27, 1982, Clyde W. Dolin was arrested for drunk driving. Breathalyzer tests administered at 2:35 a.m. and 2:46 a.m. revealed a blood-alcohol content of .24 percent, well in excess of the prohibited minimum blood-alcohol content of .10 percent. At 8:00 a.m. that morning, the arresting officer completed a sworn affidavit containing the details of Dolin's arrest pursuant to West Virginia Code § 17C–5A–1(b) (1983 Supp.), and deposited it in the mail, addressed to the Commissioner of the Department of Motor Vehicles. The affidavit was stamped as received by the Department of Motor Vehicles at 8:50 a.m. on March 30, 1982.

After receiving the arresting officer's affidavit, the Department of Motor Vehicles noticed that Dolin's breathalyzer test results were not attached as required by law. Therefore, the affidavit was returned to the arresting officer. On August 3, 1982, the arrest affidavit, along with the results of the two breathalyzer tests, was resubmitted by the arresting officer to the Department of Motor Vehicles. On August 11, 1982, the Commissioner notified Dolin by certified mail that his driving privileges were suspended for drunk driving. This suspension notice was received by Dolin on August 13, 1982, to which he objected and requested an administrative hearing. The Commissioner scheduled the suspension hearing for August 31, 1982.

On August 24, 1982, Dolin filed a petition for a writ of prohibition in the Circuit Court of Boone County, seeking to prohibit the scheduled administrative suspension hearing. Following a hearing on a rule to show cause issued against the Commissioner, the circuit court entered an order granting the writ of prohibition because it interpreted the twenty week delay between Dolin's arrest and suspension as contrary to the twenty-four hour provision in West Virginia Code § 17C–5A–1(b) (1983 Supp.),* and as violative of Dolin's procedural due process rights.

At the time of Dolin's arrest, West Virginia Code § 17C–5A–1(b) (1983 Supp.) provided:

Any law-enforcement officer arresting a person for an offense described in sec-

---

* West Virginia Code § 17C–5A–1(b) (1983 Supp.) was amended in 1983 to lengthen the time within which arresting officers must report drunk driving arrests to the Department of Motor Vehicles from twenty-four hours to forty-eight hours. 1983 W.Va.Acts ch. 138.

tion two [§ 17C–5–2], article five of this chapter shall report to the commissioner of the department of motor vehicles by sworn, written statement within twenty-four hours the name and address of the person so arrested. Such report shall include the specific offense with which the person is charged, and, if applicable, a copy of the results of any secondary tests of blood, breath or urine. The law-enforcement officer shall certify that such tests were administered in accordance with the provisions of article five [§ 17C–5–1 et seq.] of this chapter, and that he believes the results to be correct. Concerning the administrative suspension of a license pursuant to this affidavit, West Virginia Code § 17C–5A–1(c) (1983 Supp.) provided:

If, upon examination of the sworn statement and the test results described in subsection (b) of this section, the commissioner shall determine that a person was arrested for an offense described in section two [§ 17C–5–2], article five of this chapter, and that the results of the tests indicate that at the time the test or tests were administered the person had, in his blood, an alcohol concentration of ten hundredths of one percent (.10) or more, by weight, or at the time the person was arrested he was under the influence of a controlled substance or drug, the commissioner shall make and enter an order temporarily suspending such person's license to operate a motor vehicle in this State. A copy of such order shall be forwarded to such person by registered or certified mail, return receipt requested. No suspension shall become effective until ten days after receipt of a copy of such order.

■ Although West Virginia Code § 17C–5A–1(b) (1983 Supp.) required arresting officers to report their drunk driving arrests to the Department of Motor Vehicles within twenty-four hours, there was absolutely nothing in the statute which suggested that license suspensions pursuant to drunk driving arrest affidavits must also take place within twenty-four hours of those arrests. Such a requirement would not only be impractical, it would be virtual-

ly impossible, and it is difficult to comprehend how the statute could have ever been interpreted by the circuit court to compel such a result. Clearly, under West Virginia Code § 17C–5A–1(c) (1983 Supp.), there is no mandatory time limit within which the Commissioner of the Department of Motor Vehicles must enter a license suspension order pursuant to an affidavit from an arresting officer in a drunk driving case.

In addition to the circuit court's reliance upon the provisions of West Virginia Code § 17C–5A–1 (1983 Supp.), it also found the twenty week delay between arrest and suspension to be "grossly excessive," and a violation of the appellee's procedural due process rights.

■ In addressing the interrelationship between delay and procedural due process in the criminal context, we stated in Syllabus Point 2 of the State ex rel. Leonard v. Hey, 269 S.E.2d 394 (W.Va.1980), that, "The effects of less gross delays upon a defendant's due process rights must be determined by a trial court by weighing the reasons for delay against the impact of the delay upon the defendant's ability to defend himself." See also State v. Bennett, 172 W.Va. 123, 304 S.E.2d 28, 31 (1983); Syl. pt. 1, State ex rel. Bess v. Hey, 171 W.Va. 624, 301 S.E.2d 580 (1983); State v. Richey, 171 W.Va. 342, 298 S.E.2d 879, 883 (1982); Syl. pt. 2, State v. Maynard, 170 W.Va. 40, 289 S.E.2d 714 (1982). Similarly, in Syllabus Point 1 of State v. Richey, supra, we stated that:

The general rule is that where there is a delay between the commission of the crime and the return of the indictment or the arrest of the defendant, the burden rests initially upon the defendant to demonstrate how such delay has prejudiced his case if such delay is not prima facie excessive.

See also Syl. pt. 1, State v. Bennett, supra; Syl. pt. 2, State v. Simmons, 171 W.Va. 722, 301 S.E.2d 812 (1983); Syl. pt. 2, State ex rel. Bess v. Hey, supra. This Court has also discussed the importance of showing that delay has resulted in actual prejudice in the disciplinary context, see Syllabus Point 1 of Committee on Legal Ethics of the West Virginia State Bar v. Pence, 161 W.Va. 240, 240 S.E.2d 668 (1977), and in the administrative context, see Kanawha Val-

**446**

*ley Transportation Co. v. Public Service Commission,* 159 W.Va. 88, 95, 219 S.E.2d 332, 338 (1975).

■ There is no allegation of prejudice in Dolin's petition for a writ of prohibition. Similarly, there is no mention of prejudice in the circuit court's order granting the writ. Finally, no assertions of prejudice resulting from the delay in suspension notification are made on appeal. Although we agree that unreasonable delays can result in the denial of procedural due process in license suspension cases, we disagree with the circuit court's characterization of the twenty week delay between arrest and suspension in this case as "grossly excessive." The submission of the arresting officer's affidavit was prompt, the minor delay was merely the result of his failure to attach the breathalyzer test results. We therefore conclude that no procedural due process violation resulted from the twenty week delay between Dolin's arrest for drunk driving and his notification that his license had been suspended by the Department of Motor Vehicles.

For the foregoing reasons, the order of the Circuit Court of Boone County granting the appellee a writ of prohibition against the Commissioner of the Department of Motor Vehicles preventing an administrative hearing on the suspension of the appellee's license to operate a motor vehicle is reversed.

Reversed.