332 S.E.2d 122

**STATE ex rel. Donald
L. RUDDLESDEN**

v.

**Virginia L. ROBERTS, Commissioner
of the West Virginia Department
of Motor Vehicles, etc.**

No. 16034.

Supreme Court of Appeals of
West Virginia.

April 11, 1985.

Rehearing Denied June 11, 1985.

**162**

David M. Finnerin, Parkersburg, for appellant.

James E. Garvin, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM.

The appellant, Donald L. Ruddlesden, appeals from a final order of the Circuit Court of Kanawha County, entered May 18, 1983, which denied his petition for a writ of mandamus to compel the appellee, Virginia L. Roberts, then Commissioner of the Department of Motor Vehicles, to reinstate his license to operate a motor vehicle or to afford him an administrative hearing to challenge the suspension of his driving privileges. We conclude that the appellant has not shown a clear legal right to the relief prayed for below and, accordingly, we affirm the judgment of the circuit court.

The appellant was arrested in Wood County on October 26, 1982 on charges of driving while under the influence of alcohol. The arresting officer submitted an affidavit containing the particulars of the arrest to the Department of Motor Vehicles. On November 16, 1982, the Department issued an order suspending the appellant's license to operate a motor vehicle for a period of ten years.[1]

A copy of the suspension order was sent to the appellant by certified mail, return receipt requested, along with notice of his right to request an administrative hearing in which to challenge the Department's action within 10 days after receipt of the notice. The notice specified that if a written request for a hearing was not delivered or mailed to the Commissioner within the 10 day period, the appellant would be required to surrender his driver's license.[2]

---

1. The appellant's driver's license had previously been suspended for driving under the influence of alcohol on January 7, 1982. Consequently, a ten-year suspension was mandated under the provisions of W.Va.Code § 17C–5A–2(c)(4) [1981], the statute then in effect.

2. The notice provided, in pertinent part:
   Upon your written request the Commissioner of Motor Vehicles will allow you an opportunity to an administration hearing. Such written request must be filed with the Commissioner in person or by REGISTERED or CERTIFIED MAIL, return receipt requested, within ten (10) days after receipt of this NOTICE....
   *    *    *    *    *    *
   IF YOU DO NOT REQUEST A HEARING within ten (10) days after receipt of this NO-

TICE, any West Virginia license issued to you must be returned to this office within the ten (10) day period.
   *    *    *    *    *    *
   OF YOU FAIL TO RETURN YOUR LICENSE OR TO REQUEST A HEARING within the ten (10) day period, an ORDER will be delivered to the STATE POLICE to secure your license....
   In addition, the Department provided the appellant with a request for hearing form which specified: "YOU MUST MAIL OR DELIVER THE REQUEST FOR HEARING WITHIN 10 DAYS AFTER RECEIPT OF THE ENCLOSED NOTICE OF SUSPENSION."

The appellant received the suspension notice on November 18, 1982. Four days later, on November 22, 1982, the appellant presented the notice to his attorney, David M. Finnerin, and completed the hearing request form provided by the Department in Mr. Finnerin's office. The appellant left the form with his attorney to mail, but Mr. Finnerin, allegedly under the mistaken impression that the appellant had not received the suspension notice until November 22, did not mail it until November 30, 1982. By letter dated December 2, 1982, the Department notified Mr. Finnerin that the appellant's request for a hearing was being denied on the ground that it was not timely filed. Mr. Finnerin subsequently telephoned the Department offices in an unsuccessful attempt to obtain an administrative hearing for his client.

On December 10, 1982, the appellant filed a petition for a writ of mandamus in the Circuit Court of Kanawha County[3]. The appellant sought to compel the Commissioner to return his driver's license on the ground that there was a fatal defect on the face of the suspension order which rendered the Department's action void. In the alternative, the appellant sought to compel the Commissioner to afford him an administrative hearing on the merits of the suspension. The Commissioner filed a demurrer to the petition and the case was submitted for decision upon the memoranda and arguments of the parties. By order entered May 18, 1983, the court sustained the demurrer and denied the writ. The court also denied appellant's application for a stay in enforcement of the suspension order.

■ The only issue in this appeal is whether the circuit court erred in refusing to issue the writ of mandamus prayed for by the appellant. Mandamus is an extraordinary remedy. "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 2, *McGrady v. Callahan*, 161 W.Va. 180, 244 S.E.2d 793 (1978). This is the standard to be used on review of a circuit court's decision to grant or deny a petition for a writ of mandamus addressed to that court's original jurisdiction. *See State ex rel. Canterbury v. County Court*, 151 W.Va. 1013, 158 S.E.2d 151 (1967).

I

■ The appellant sought mandamus to compel reinstatement of his driver's license on the ground that the suspension order was void because it was not signed by the Commissioner. Instead the order was signed "R.R. Bolen, Manager." The appellant argues that the suspension order was fatally defective since the Commissioner was the only person authorized by statute to issue such an order.[4]

This contention is clearly without merit. W.Va.Code § 17A–2–11 (1974 Replacement Vol.) provides: "All powers and duties vested in the commissioner, except the power to sign contracts and make rules and regulations, may be exercised by the appointees or employees of the commissioner, under his direction; but the commissioner shall be responsible for their acts." In addition, W.Va.Code § 2–2–5 (1979 Replacement Vol.) provides: "When a statute requires an act to be done by an officer or

3. W.Va.Code § 14–2–2(a)(1) (1979 Replacement Vol.) provides that suits brought against state officers or agencies may be brought and prosecuted only in the Circuit Court of Kanawha County.

4. W.Va.Code § 17C–5A–1(c) [1981] provides, in pertinent part:

   If, upon examination of the sworn statement and the tests results described in subsection (b) of this section, the commissioner shall determine that a person was arrested for an offense described in section two [§ 17C–5–

2] article five of this chapter, and that the results of the tests indicate that at that time the test or tests were administered the person had, in his blood, an alcohol concentration of ten hundredths of one percent (10%) or more, by weight, or at the time the person was arrested he was under the influence of a controlled substance or drug, *the commissioner shall make and enter an order temporarily suspending such person's license to operate a motor vehicle in this State.* . . . (Emphasis added.)

person, it shall be sufficient if it be done by his agent or deputy, unless it be such as cannot lawfully be done by deputation."

■ Clearly, the Commissioner's power to make and enter temporary license suspension orders was such that it could be lawfully delegated to her duly appointed representatives. *See Cowie v. Roberts*, 173 W.Va. 64, 312 S.E.2d 35 (1984). There is no contention that R.R. Bolen was not a duly appointed representative of the Commissioner. Indeed, it appears from the record that R.R. Bolen was the Director of the Department's Safety and Enforcement Division at the time. Accordingly, we find no defect in the suspension order which would render the Department's suspension of the appellant's license void, and we conclude that the trial court did not err in refusing to award the writ to compel reinstatement of the appellant's license to drive.

## II

■ In the alternative, the appellant sought to compel the Commissioner to conduct an administrative hearing in which to challenge the license suspension. The critical consideration in this regard is the fact that the appellant's request for a hearing was not mailed until two days after the end of the ten-day period during which he was entitled to make such a request.

The appellant's right to a hearing was fixed by W.Va.Code § 17C–5A–2(a) [1981], which provides, in part:

> Upon the written request of a person whose license to operate a motor vehicle in this State has been suspended, under the provisions of section of [§ 17C–5A–1] of this article, the commissioner of motor vehicles shall afford the person an opportunity to be heard. *Such written request must be filed with the commissioner in person or by registered or certified mail, return receipt requested, within ten days after receipt of a copy of the order of suspension....* (Emphasis added.)

In addition, W.Va.Code § 17C–5A–2(b) [1981] provides that "[a]ny such hearing shall be held within twenty days after the date upon which the commissioner received *the timely written request* therefor...." (Emphasis added.)

■ Clearly, the appellant's right to an administrative hearing under the statute is predicated upon the filing of a timely request therefor. The appellant admits that he did not meet the statutory timeliness requirement, although he had actual notice of his responsibility to do so. As a general rule, the failure to make a timely request for an administrative hearing constitutes a waiver of the right to such a hearing. *See, e.g., Rancourt v. State*, 35 Wash.App. 398, 666 P.2d 955 (1983).

The appellant asserts, however, that his failure to request a hearing within the ten-day period should not bar him from an opportunity to have an administrative hearing. He notes that in *Bailey v. State Workmen's Compensation Commissioner*, 170 W.Va. 771, 296 S.E.2d 901 (1982), we held that claims for workers' compensation benefits filed after the running of the statutory time period contained in the Workmen's Compensation Act would not be barred where the claimant could show that the delay in filing was due to innocent mistake, excusable neglect, unavoidable cause or fraud, misrepresentation or misconduct of the adverse party. The appellant urges us to adopt this rule with respect to the ten-day statutory period for requesting a license suspension hearing.

We do not believe the application of that rule is appropriate in these circumstances. In *Bailey*, we noted that our decision was due in great part to the remedial nature of the Compensation Act.

> Our holding today should not be considered a judicial declaration of open season on statutory time limitations—it is limited to the Workmen's Compensation Act. This statute, by its beneficent and remedial character, distinguishes itself from other statutes whose purpose is custodial or regulatory. The precise effect and literal application unarguably due most statutory provisions are inappropriate to the Workmen's Compensation program.... *Id.*, 170 W.Va. at 776, 296 S.E.2d at 906.

■ The drunk driving laws of this State are hardly remedial in nature. They are regulatory and protective, designed to remove violations from the public highways as quickly as possible. In this context we believe the ten-day statutory period should

be strictly applied. The requirement that the motorist respond in a timely fashion is not unduly burdensome in view of the State's strong interest in promoting public safety and the importance to the motorist of the driving privilege. *See Van Meter v. West Virginia Dept. of Motor Vehicles,* 173 W.Va. 129, 313 S.E.2d 405 (1984). Accordingly, we find that the appellant waived his right to an administrative hearing by his failure to file a timely request therefor.

 The appellant also contends that the suspension of his license without an administrative hearing violates due process. It is not contested that the privilege of operating a motor vehicle is a valuable private interest which may not be revoked without the application of the procedural safeguards guaranteed by the due process clauses of our federal and state constitutions, including notice and an opportunity to be heard. *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Jordan v. Roberts,* 161 W.Va. 750, 246 S.E.2d 259 (1978). It is equally clear that the statutory procedures set forth in W.Va.Code § 17C–5A–1 *et seq.* for administrative suspension of an individual's driver's license satisfy the requirements of due process. *See, e.g., Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); *Dixon v. Love,* 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977). *Jordan v. Roberts, supra.* "Due process is not violated ... when, as here, a constitutionally sufficient administrative procedure was available but the complainant merely declined or failed to take advantage of it. *Dusanek v. Hannon,* 677 F.2d 538, 543 (7th Cir.1982)." *Cook v. Oberly,* 459 A.2d 535, 540 (Del.Ch. 1983).

The appellant next asserts that W.Va.Code § 17C–5A–1 *et seq.* is unconstitutional because while the motorist is held to strict compliance with the ten-day statutory time period, the Commissioner is under no similar time constraints. There is no merit in this contention. The appellant does not contest that he is treated differently than any other similarly situated person. The fact that the Legislature chose to impose different time limitations upon the Commissioner than it did on the appellant does not confer upon him a clear legal right

to a hearing. *See Dolin v. Roberts,* 173 W.Va. 443, 317 S.E.2d 802 (1984).

Finally, the appellant contends that he was not guilty of the offense with which he was charged. It would be highly inappropriate for this Court in this appeal to consider any of the appellant's bare assertions relating to the facts surrounding his arrest. Those were matters to be considered at the administrative hearing. Since the appellant did not make a timely request for a hearing, we have no authority to consider them here.

In summary, we conclude that the appellant was well aware of the requirement that he request a hearing within ten days and failed to do so, thereby waiving his statutory right to an administrative hearing to challenge the suspension of his driver's license. If, as he asserts, the delay was due to a misunderstanding on the part of his attorney, the result is unfortunate. However, as the appellant has shown no clear legal right to or legal duty on the part of the Commissioner to provide a hearing absent a timely request therefor, we must affirm the judgment of the Circuit Court of Kanawha County denying the writ of mandamus prayed for.

Affirmed.