455 S.E.2d 549

**Randy D. ABSHIRE, Petitioner Below, Appellant,**

**v.**

**Jane L. CLINE, Commissioner, Department of Motor Vehicles, Respondent Below, Appellee.**

No. 22229.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 1995.

Decided Feb. 17, 1995.

Robert Stone, Steven Morris Askin, Martinsburg, for appellant.

Janet L. Scalia, Asst. Pros. Atty. of Berkeley County, Martinsburg, Paul E. Jordan, Sr. Asst. Atty. Gen., Charleston, for appellee.

CLECKLEY, Justice:

The petitioner below and appellant herein, Randy D. Abshire, appeals from an order of the Circuit Court of Berkeley County, entered on July 2, 1993, which affirmed the April 3, 1992, order of the respondent below and appellee herein, Jane L. Cline, Commissioner of the Department of Motor Vehicles (DMV).[1] The primary issue on appeal is whether the circuit court erred by affirming the DMV's decision that Mr. Abshire was not entitled to have his administrative hearing continued. Mr. Abshire's request for a continuance was denied because the request was not received by the DMV at least five days prior to the scheduled hearing. After reviewing the record, we find Mr. Abshire demonstrated "good cause" to have the hearing continued, and, under the circumstances of this case, the DMV's denial of the continuance violated Mr. Abshire's constitutional right to due process.

I.

Mr. Abshire was arrested for his second offense of driving under the influence of alcohol (DUI) on December 22, 1989. Mr. Abshire previously had his license revoked for DUI in 1983. To challenge the second offense, Mr. Abshire's counsel made a request for an administrative hearing. *See* W. Va. Code, 17C–5A–2 (1986).[2] The DMV scheduled the hearing to be held on March 8, 1990. Subsequently, by letter dated February 23, 1990, Mr. Abshire received notice that the hearing was being continued upon motion of the Commissioner.[3] By letter dated April 20, 1990, the DMV sent notice that the hearing was rescheduled for May 3, 1990. The April 20, 1990, letter also stated:

"Any request for a continuance must be submitted in *writing* and must be received by the Director of Safety and Enforcement Division, Department of Motor Vehicles ... [in] Charleston ... at least *five* days prior to the scheduled hearing date. *Each request for a continuance must contain a written statement explaining good cause as to why the hearing date should be changed. This request will not be granted by telephone.*" (Emphasis in original).

By affidavit, counsel for Mr. Abshire averred that on April 24, 1990, he received the DMV's letter notifying him of the May 3, 1990, administrative hearing. By letter dated April 26, 1990, counsel replied to the notice via certified mail, return receipt requested. In his April 26, 1990, letter, counsel asked the DMV to continue the May 3, 1990, administrative hearing because he could not attend on that date due to two previously scheduled preliminary hearings in magistrate court. The DMV responded by a letter dated May 1, 1990, and refused coun-

1. Mr. Abshire filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure which, at the time of this appeal, remains pending before the circuit court. A circuit court's failure to decide a Rule 60(b) motion does not deny this Court jurisdiction to hear this appeal. Rule 60(b) specifically provides, in part, "[a] motion under ... subdivision (b) does not affect the finality of a judgment or suspend its operation." *See Parkway Fuel Serv., Inc. v. Pauley,* 159 W.Va. 216, 220 S.E.2d 439 (1975).

2. W. Va.Code, 17C–5A–2(a), provides, in relevant part:

"Upon the written request of a person whose license to operate a motor vehicle in this state has been revoked under the provisions of section one [§ 17C–5A–1] of this article or section seven [§ 17C–5–7], article five of this chapter, the commissioner of motor vehicles shall extend the temporary license issued under sec-

tion one [§ 17C–5A–1] of this article, if applicable, and afford the person an opportunity to be heard. Such written request must be filed with the commissioner in person or by registered or certified mail, return receipt requested, within ten days after receipt of a copy of the order of revocation. The hearing shall be before said commissioner or a hearing examiner retained by the commissioner who shall rule on evidentiary issues and submit proposed findings of fact and conclusions of law for the consideration of said commissioner and all of the pertinent provisions of article five [§ 29A–5–1 et seq.], chapter twenty-nine-a of this code shall apply[.]"
This section was rewritten in 1994.

3. The Commissioner may postpone a hearing upon her own motion pursuant to W. Va.Code, 17C–5A–2(b), which states, in relevant part: "The commissioner may postpone or continue any hearing on [her] own motion[.]"

sel's request as it was not received by the DMV "at least five days prior to the scheduled hearing."

In its July 2, 1993, order, the circuit court notes counsel's averment that his request for a continuance was received at the Charleston Post Office on Friday, April 27, 1990, but was not picked up by the DMV until Monday, April 30, 1990. After this reference, the circuit court stated: "There exists no affirmative duty on the part of the [DMV] to pick its mail up at the post office."

On May 3, 1990, Mr. Abshire appeared at the administrative hearing without counsel at which time both he and the arresting officer testified. By final order dated April 3, 1992, the Commissioner found Mr. Abshire was arrested pursuant to W. Va.Code, 17C–5–2 (1986), and Mr. Abshire refused to submit to secondary chemical testing as required under W. Va.Code, 17C–5–4 (1989). Therefore, the Commissioner ordered Mr. Abshire's license be revoked.

## II.

Mr. Abshire argues the DMV's refusal to grant him a continuance violated his right to due process as provided by Section 10 of Article III of the West Virginia Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. On the other hand, the DMV argues it has the authority to adopt and apply an administrative rule governing when a continuance shall be deemed timely filed. The DMV asserts Mr. Abshire waived his due process rights by failing to make a timely application for a continuance in accordance with its rule which provides such requests must be received at least five days prior to a scheduled administrative hearing.

This Court recognizes that under W. Va. Code, 17A–2–9 (1951),[4] and W. Va.Code, 17C–5A–2(b), the commissioner is authorized and, in fact, required to adopt procedural rules with regard to continuing administrative hearings. W. Va.Code, 17C–5A–2(b), states, in relevant part:

"The commissioner may postpone or continue any hearing on his own motion, or upon application for each person for good cause shown. The commissioner shall adopt and implement by a procedural rule written policies governing the postponement or continuance of any such hearing on [her] own motion or for the benefit of any law-enforcement officer or any person requesting such hearing, and such policies shall be enforced and applied to all parties equally."

The DMV maintains that this statute directs it to treat all parties equally and, because Mr. Abshire did not comply with its five-day rule, the DMV could not grant him a continuance.

■ Although we recognize the DMV may adopt an administrative rule governing the continuation of a hearing, such a rule must not on its face or by its application infringe upon the due process rights of a licensee. We stated in *Jordan v. Roberts*, 161 W.Va. 750, 756, 246 S.E.2d 259, 262 (1978), that "[t]here is not much question that in our mobile society the suspension of a driver's license ... constitutes a serious deprivation." Thus, we concluded that a driver's license is a property interest and such interest is entitled to protection under our Due Process Clause. 161 W.Va. at 753, 246 S.E.2d at 261. (Citations omitted).

■ To ensure that due process requirements are met in cases involving suspensions of drivers' licenses, we stated in *Jordan*, 161 W.Va. at 755, 246 S.E.2d at 262, that the requirements we set forth in *North v. West Virginia Board of Regents*, 160 W.Va. 248, 233 S.E.2d 411 (1977), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986), should be applied. These requirements include:

"(b) The commissioner is hereby authorized to adopt and enforce such rules and regulations as may be necessary to carry out the provisions of this chapter and any other laws the enforcement and administration of which are vested in the department."

---

4. W. Va.Code, 17A–2–9, states, in relevant part: "(a) The commissioner is hereby vested with and is charged with the duty of observing, administering and enforcing the provisions of this chapter and of all laws the enforcement of which is now or hereafter vested in the department. . . .

" '... a formal written notice of charges; sufficient opportunity to prepare to rebut the charges; *opportunity to have retained counsel at any hearings on the charges, to confront his accusers, and to present evidence on his own behalf;* an unbiased hearing tribunal; and an adequate record of the proceedings.' [160 W.Va. at 257, 233 S.E.2d at 417.]" 161 W.Va. at 755–56, 246 S.E.2d at 262. (Emphasis added).

Thus, applying these requirements to the present case, it is clear that Mr. Abshire had a due process right to have counsel at his administrative hearing. The question for this Court to resolve is whether Mr. Abshire waived his due process rights by failing to make his request for a continuance at least five days prior to his hearing.

On its face, a requirement by the DMV that a request for a continuance must be received at least five days prior to a scheduled hearing is not an unconstitutional or unreasonable rule. However, when a request is made and, by no fault of the licensee or his or her counsel, the request is not received by the DMV at least five days prior to the hearing, the rule may not be applied to deny the licensee the opportunity to demonstrate a "good cause" reason for continuing the hearing. We find this type of no-fault situation in the present case.

The DMV argues that counsel for Mr. Abshire had a reasonable method, i.e., overnight mail, to guarantee the request was timely filed. Although the DMV may be correct in stating the request would have been timely received if it was sent by overnight mail, under the facts of this case, it is not reasonable for the DMV to expect such action to be taken. This case is unlike our *per curiam* opinion in *State ex rel. Ruddlesden v. Roberts,* 175 W.Va. 161, 332 S.E.2d 122 (1985), cited by the DMV. In *Ruddlesden,* confusion occurred between the licensee and his lawyer as to when the licensee received notice that his license was being suspended. As a result, the lawyer made an untimely request for a hearing. After reviewing the facts, we concluded the licensee "waived his right to an administrative hearing by his failure to file a timely request therefor." 175 W.Va. at 165, 332 S.E.2d at 126.

■ Contrary, the present case is not one where counsel delayed responding to the DMV's notice of his client's hearing. Instead, the facts demonstrate that counsel mailed the request for a continuance within two days of receiving notice of the hearing. Under these facts, we find counsel made a prompt and reasonable effort to meet the DMV's administrative rule. We also find the manner in which counsel responded to the notice was reasonable in that he made the request by certified mail, return receipt requested. It was through no fault of Mr. Abshire or his counsel that the DMV did not timely receive the notice. Therefore, we find that to deny the request made by Mr. Abshire's counsel to have the case continued on the basis of it being untimely filed effectively denied Mr. Abshire of his right to due process. We also find Mr. Abshire's counsel stated a "good cause" reason for continuing the administrative hearing because he had two previously scheduled felony preliminary hearings which prevented him from attending Mr. Abshire's administrative hearing.[5]

### III.

For the foregoing reasons, we find Mr. Abshire was denied his fundamental right to due process and is entitled to a new administrative hearing. Therefore, we reverse the July 2, 1993, order of the Circuit Court of Berkeley County and remand this case for further proceedings consistent with this opinion.[6]

Reversed and remanded.

---

5. Even under the current legislative rules, the DMV includes "court appearances" among the "good cause" reasons to grant continuances. 7 *W.Va.C.S.R.* § 91–5–14.4.6 (1991). "Good cause," as defined by 7 *W.Va.C.S.R.* § 91–5–14.4.6, also includes "such reasons as serious illness, medical appointments, ... or religious holidays of either party."

6. Mr. Abshire also complained that the DMV violated his due process rights as a result of delay between the administrative hearing on May 3, 1990, and the hearing examiner's decision, dated April 3, 1992. We decline to address this issue given that we are granting Mr. Abshire the right to a new administrative hearing.