525 S.E.2d 680

**In re Petition of Steven C. PETREY for Judicial Review of Administrative Decision Made by Joe E. Miller, Commissioner, Department of Transportation, Division of Motor Vehicles, Suspending the License of Steven C. Petrey to Operate a Motor Vehicle.**

**No. 26436.**

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 2, 1999.

Decided Dec. 10, 1999.

Darrell V. McGraw, Jr., Esq., Attorney General, Jacquelyn I. Custer, Esq., Senior

Assistant Attorney General, Charleston, West Virginia, Attorneys for Joe E. Miller, Commissioner.

Stanley I. Selden, Esq., and Randy D. Hoover, Esq., Beckley, West Virginia, Attorneys for Steven C. Petrey.

STARCHER, Chief Justice:

In the instant case we reverse a circuit court ruling that held that the West Virginia Division of Motor Vehicles ("DMV") could not revoke a driver's license for driving under the influence because the DMV was late in scheduling a hearing.

## I.

### Facts & Background

The Circuit Court of Raleigh County, by order dated January 15, 1999, reversed an administrative order by the Commissioner of the DMV that revoked Steven Petrey's (the appellee) driver's license based on the commissioner's finding that the appellee had driven a vehicle while under the influence of alcohol.

The circuit court reversed the DMV order because the DMV "failed to meet the mandatory requirements of the statute in that they failed to schedule the hearing within twenty days of receipt of the request therefore."

The statute that the circuit court referenced is *W.Va.Code,* 17C–5A–2(b) [1996], that states in pertinent part:

Any such hearing shall be held within twenty days after the date upon which the commissioner received the timely written request therefor, unless there is a postponement or continuance. The commissioner may postpone or continue any hearing on the commissioner's own motion, or upon application for each person for good cause shown. The commissioner shall adopt and implement by a procedural rule written policies governing the postponement or continuance of any such hearing on the commissioner's own motion or for the benefit of any law-enforcement officer or any person requesting the hearing, and such policies shall be enforced and applied to all parties equally.

The DMV received the appellee's request for a hearing on March 9, 1998. The DMV sent the appellee a notice of hearing setting an administrative hearing for March 30, 1998, or 21 days after the DMV received the appellee's request for a hearing. The DMV's hearing notice letter simultaneously advised the appellee that the March 30, 1998 hearing was "continued on the motion of the Commissioner for docket management" and was "rescheduled for April 22, 1998." (The parties agree that the Commissioner regularly "sets and reschedules" initial hearings in this fashion, and no challenge is made in the instant appeal to this practice.) After three more continuances, two of which were requested by the appellee, the hearing was finally held on October 9, 1998.

## II.

### Standard of Review

■ We review the circuit court's application of the law to undisputed facts *de novo.*

## III.

### Discussion

■ The above-quoted language from the statute in question, *W.Va.Code,* 17C–5A–2(b) [1996], gives the Commissioner substantial power to postpone or continue hearings, as long as this is done in an even-handed fashion. In the recent case of *In Re: Petition of Dennis H. Burks,* 206 W.Va. 429, 432 n. 1, 525 S.E.2d 310, 313 n. 1 (1999) this Court stated:

We do not believe that it is intended in our statutory scheme, absent specific legislative direction, that either the DMV *or* a driver should be denied important rights (such as an opportunity for a hearing on the merits) due to inadvertent, *de minimis,* nonprejudicial, good-faith, or other "technical" failures to meet the time deadlines that are set forth in DMV administrative procedures.

(Emphasis in original.)

In the instant case, the appellee suffered no prejudice from the DMV's failure to set

the initial hearing within 20 days of receiving the appellee's request for a hearing. There is no suggestion or allegation that the DMV's failure to set the appellee's hearing for a date within 20 days of receiving a request for a hearing was anything other than a bureaucratic slip.

 Based upon the reasoning of *Burks, supra,* we hold that a non-prejudicial, *de minimis* failure by the Commissioner of the Division of Motor Vehicles to timely set or hold a hearing in accord with the provisions of *W.Va.Code,* 17C–5A–2(b) [1996] is not a bar to the Commissioner's going forward with administrative proceedings to revoke a driver's license.

IV.

*Conclusion*

The order of the Circuit Court of Raleigh County is reversed.

Reversed.

Judge GARY JOHNSON, sitting by special assignment, dissents.

Justice SCOTT did not participate in the decision of the Court.