618 S.E.2d 458

**In re Petition of Kenneth D. DONLEY for Judicial Review of Administrative Decision Made by Roger Pritt, Commissioner, Department of Transportation, Division of Motor Vehicles.**

**No. 32531.**

Supreme Court of Appeals of West Virginia.

Submitted: June 7, 2005.

Filed: June 30, 2005.

Kenneth E. Chittum, Patricia Kinder Beavers, Law Office of Kenneth E. Chittum, Bluefield, for Kenneth D. Donley.

Darrell V. McGraw, Jr., Attorney General, Janet James, Assistant Attorney General, Charleston, for Department of Transportation, Division of Motor Vehicles.

The Opinion of the Court was delivered PER CURIAM.

Chief Justice ALBRIGHT concurs and reserves the right to file a concurring opinion.

### PER CURIAM.

Kenneth D. Donley, appellant/petitioner below (hereinafter referred to as "Mr. Don-. ley") appeals an order of the Circuit Court of Mercer County affirming, in part, an order by Roger Pritt, Commissioner of the West Virginia Division of Motor Vehicles, ·appellee/respondent below (hereinafter referred to as the "Commissioner"), that revoked Mr. Donley's driver's license.[1] Here, Mr. Donley contends that the proceeding to revoke his license was untimely and therefore in viola-

tion of the statute of limitations and due process.[2] After reviewing the briefs and listening to the arguments of the parties, we affirm.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Donley was arrested for second offense driving under the influence of alcohol ("DUI") on April 18, 1998. On June 18, 1998, Mr. Donley pled guilty to the charge in the Mercer County Magistrate Court. Mr. Donley was sentenced to ten days in jail and fined $200.00.[3] For reasons not explained in the record, an abstract of Mr. Donley's conviction and sentence was not received by the Commissioner until March 6, 2001.

After receiving the abstract of judgment, the Commissioner issued an initial order of driver's license revocation to Mr. Donley on December 11, 2001. Thereafter on December 18, 2001, Mr. Donley requested a hearing with the Commissioner to challenge the revocation. In response to the request, the Commissioner notified Mr. Donley that a hearing would be scheduled for March 25, 2002. On March 4, 2002, the Commissioner informed Mr. Donley that the hearing would be continued until September 9, 2002, because a hearing examiner was not available for the date originally set. The hearing eventually took place before a hearing examiner on the rescheduled date. Subsequently, the Commissioner, adopting the recommendation of the hearing examiner, revoked Mr. Donley's drivers license for a period ·of ten years, effective September 9, 2003.

. Mr. Donley appealed the Commissioner's revocation order to the circuit court. During that appeal, Mr. Donley argued that the revocation was invalid because the hearing before the Commissioner took place after the statute of limitations had run and in violation

---

1. Mr. Pritt has been succeeded as the Commissioner by F. Douglas Stump.

2. The Commissioner's brief made a cross-assignment of error alleging the circuit court was wrong in vacating the effective date of the revocation. However, during oral argument counsel

for the Commissioner abandoned the cross-assignment of error. Consequently, we will not address that issue.

3. The jail sentence was suspended and Mr. Donley was placed on home confinement.

of due process. The circuit court, by order entered October 26, 2004, affirmed the Commissioner's order with respect to the ten year revocation, but vacated the effective date and replaced it with an effective date of October 1, 1998. Mr. Donley filed this appeal from the circuit court's order.

## II.

## STANDARD OF REVIEW

This is an appeal from an order of the circuit court affirming, in part, and reversing, in part, an administrative order by the Commissioner. The applicable standard of review in this matter was set out in syllabus points 1 and 2 of *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996) as follows:

1. On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va.Code § 29A–5–4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

2. In cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo.*

With these principles in view, we examine the issues presented.

## III.

## DISCUSSION

From Mr. Donley's brief alone, we are unable to discern that the statute of limitations and his due process rights were violated, as a result of the time delay between his entering a guilty plea on June 18, 1998, and the receipt of an abstract of the judgment by the Commissioner on March 6, 2001. Therefore, we will examine the statute of limitations and due process arguments separately.

■ **1. Statute of limitations.** Mr. Donley contends that pursuant to W. Va. Code § 17C–5A–2(b) (2004),[4] the Commissioner was required to hold a hearing on his license revocation within 180 days from the date that he pled guilty. Mr. Donley has misread the statute.

Pursuant to W. Va.Code § 17C–5A–2(b) "[a]ny such hearing shall be held within one hundred eighty days after the date upon which the commissioner received the timely written request therefore unless there is a postponement or continuance." W. Va.Code § 17C–5A–2(b). The time period set forth in W. Va.Code § 17C–5A–2(b) for holding a hearing is only triggered when a request for a hearing is made. It is not triggered by an arrest or conviction, per se. *See* Single Syllabus, *In re Petrey,* 206 W.Va. 489, 525 S.E.2d 680 (1999) ("Non-prejudicial, de minimis failure by the Commissioner of the Division of Motor Vehicles to timely set or hold a hearing in accord with the provisions of W. Va.Code, 17C–5A–2(b) [1996] is not a bar to the Commissioner's going forward with administrative proceedings to revoke a driver's license.").

■ The record is clear. Mr. Donley timely requested a hearing. The record is equally clear in establishing that the Commissioner scheduled a hearing within 180 days as required by W. Va.Code § 17C–5A–2(b). The scheduled hearing was continued *sua sponte* by the Commissioner because a hearing examiner was unavailable. The *sua sponte* continuance is authorized under W. Va.Code § 17C–5A–2(b). That statute states that "[t]he commissioner may postpone or continue any hearing on the commissioner's own motion[.]" See *Petrey,* 206 W.Va. at 490, 525 S.E.2d at 681 ("W.Va.Code, 17C–5A–2(b) [1996], which gives the Commissioner substantial power to postpone or continue hearings, as long as this is done in an even-handed fashion."). Consequently we find no merit to Mr. Donley's statute of limitations argument.

■ **2. Due process.** Mr. Donley next contends that the delay between the date of

---

**4.** The statutory language in effect in 2001 when the Commissioner received the abstract of judg- ment is the same as the language contained in the 2004 version.

his conviction and the receipt of an abstract of judgment by the Commissioner, a period of almost three years, violated his due process rights. This Court has recognized that "[a] driver's license is a property interest and such interest is entitled to protection under the Due Process Clause of the West Virginia Constitution." Syl. pt. 1, *Abshire v. Cline,* 193 W.Va. 180, 455 S.E.2d 549 (1995).[5]

In the case of *Dolin v. Roberts,* 173 W.Va. 443, 317 S.E.2d 802 (1984), we addressed the issue of a twenty-week delay between a motorist's arrest for DUI and the suspension of his license. In *Dolin,* the arresting officer submitted an affidavit of the motorist's arrest to the Commissioner within twenty-four hours, as required by W. Va.Code § 17C–5A–1(b).[6] As a result of technical problems with the officer's affidavit, the Commissioner did not notify the motorist of the suspension of his license until some twenty weeks after the arrest. The motorist subsequently obtained a writ of prohibition from a circuit court that prevented the Commissioner from holding a hearing to finalize the suspension. The circuit court found that the delay, among other things, violated the motorist's due process rights. The Commissioner appealed the decision. We reversed. In doing so, this Court applied principles developed in criminal law. Specifically, we held in *Dolin* that " '[t]he effect of less gross delays upon a defendant's due process rights must be determined by a trial court by weighing the reasons for delay against the impact of the delay upon the defendant's ability to defend himself." ' Syl. pt. 2, *Dolin* (quoting Syl. pt. 2, *State ex rel. Leonard v. Hey,* 269 S.E.2d 394 (W.Va.1980)). In *Dolin* the motorist failed to establish any prejudice by the delay in his suspension. We believe that *Dolin's*

lack of prejudice by a delay applies to the facts of this case.

We first note that the statute authorizing a magistrate court clerk to forward an abstract of a DUI conviction to the Commissioner contains *no time limit* within which this task must be accomplished. Pursuant to W. Va. Code § 17C–5A–1a (2004), "the magistrate court shall forward the transcript when the person convicted has not requested an appeal within twenty days of the sentencing for such conviction." Although this statute does not provide a time limit in which to send an abstract of a conviction to the Commissioner, we believe that principles of due process would impose a reasonable time limit. We need not set any specific time limit for W. Va.Code § 17C–5A–1a, because we believe that a delay of nearly three years, when no appeal is taken, is unreasonable as a matter of law.

Although we have found that the delay was unreasonable in this case, Mr. Donley is still not entitled to relief because no prejudice flowed from the delay. The record clearly demonstrates that Mr. Donley pled guilty to second offense DUI. Consequently, the only issue at the administrative hearing was whether Mr. Donley was the person named in the abstract.[7] The evidence established this single issue. Insofar as no other factual matters were litigated, Mr. Donley has failed to show any prejudice stemming from the delay in forwarding the abstract to the Commissioner. Moreover, because the circuit court vacated the Commissioner's effective date of revocation, the delay of nearly three years in forwarding the abstract of judgment is simply inconsequential.

**5.** In an effort to protect due process rights involving suspensions or revocations of drivers' licenses, we adopted the following procedures in *Abshire:*
    ... a formal written notice of charges; sufficient opportunity to prepare to rebut the charges; opportunity to have retained counsel at any hearings on the charges, to confront his accusers, and to present evidence on his own behalf; an unbiased hearing tribunal; and an adequate record of the proceedings.
*Abshire,* 193 W.Va. at 183, 455 S.E.2d at 552, (quoting *Jordan v. Roberts,* 161 W.Va. 750, 755–756, 246 S.E.2d 259, 262 (1978) quoting in *North*

*v. West Virginia Board of Regents,* 160 W.Va. 248, 257, 233 S.E.2d 411, 417 (1977)). The argument raised by Mr. Donley does not directly involve the *Abshire* due process protections.

**6.** This statute has been amended and now provides for notice to the Commissioner within forty-eight hours of an arrest. *See* W. Va.Code § 17C–5A–1(b) (2004).

**7.** The other substantive issue raised by Mr. Donley at the hearing involved his objections to the delay in forwarding the abstract.

## IV.

### CONCLUSION

Based upon the foregoing, the circuit court's order is affirmed.

Affirmed.

ALBRIGHT, Chief Justice, concurring.

While I concur with the result reached by the majority, I write separately to recognize that principles of fairness suggest that the same promptness concerns that are imposed upon a defendant who requests a hearing in connection with an administrative revocation of his operator's license should be similarly imposed upon the West Virginia Department of Motor Vehicles ("DMV"). To permit the DMV to grant itself an extension of the 180-day deadline for revocation hearings that is mandated by West Virginia Code § 17C–5A–2(b) (2004) without providing for any limits on the length of such extensions encourages the establishment of a lopsided system—a system that proves inherently unjust for the defendant whose revocation proceedings are protracted, not because of his requests, but because of lengthy administrative delays.[1] Barring express legislative amendment on this issue of timely scheduled hearings following the granting of a continuance requested by the DMV, it is likely that the system will continue to be tilted in favor of the DMV with regard to issues of timely action.

While the DMV had a legitimate basis for continuing the revocation hearing—the unavailability of a hearing examiner on the date originally selected for the hearing—the continuation of the hearing for another six months seems patently unreasonable. A thirty- or sixty-day continuance in this situation might prove acceptable, but to permit an entire year to pass between the defendant's request for the hearing and the holding of the revocation hearing seems excessive when the legislative scheme involved *mandates* the holding of such hearings within a 180–day period, barring demonstration of good cause for a continuance. *See* W.Va.Code § 17C–5A–2(b).

While the majority had no problem concluding that the delay in the proceedings involved in this case (June 1998 entry of guilty plea to September 2002 revocation hearing) was "unreasonable" for purposes of considering whether the delay amounted to a violation of the defendant's due process rights, the majority chose not to view the six-month continuation of the revocation hearing as unreasonable. In finding the continuation acceptable, the majority placed undue weight on the statutory inclusion of language that permits a postponement or continuance upon a request from either side. *See* W.Va.Code § 17C–5A–2(b). To grant the DMV *carte blanche* authority to reschedule revocation hearings with no countervailing concern for the passage of time based solely on legislative authorization of postponements or continuances appears shortsighted in light of the legislative scheme that requires prompt action on the part of the defendant if he/she wishes to challenge the revocation or suspension of a motor vehicle license. Simply put, the legislative inclusion of language authorizing a continuance upon permissible grounds should not abrogate the time-based concerns that permeate the legislative framework governing administrative sanctions for DUI violations. By turning a blind eye to this need for timely hearings when a continuance has been granted, the majority overlooks the continuing concern for prompt action—an issue that should be applied equally to both defendants and the administrative agency in charge of enforcing this legislative scheme.[2]

I note an additional need for legislative consideration of whether a temporal require-

---

1. I clearly recognize that the bulk of the delays in this case transpired before the revocation hearing was initially scheduled due to the passage of almost three years between the entry of the defendant's guilty plea and the transmittal of the abstract of judgment to the DMV. This fact, however, does not excuse the additional six-month delay that was forced upon the defendant due to the unavailability of a hearing examiner.

2. This seems only fair in light of the fact that the statutory scheme at issue requires that any procedural rule adopted by the DMV "governing the postponement or continuance of any such [revocation] hearing on the commissioner's own motion or for the benefit of any law-enforcement officer or any person requesting the hearing" "shall be enforced and applied to all parties equally." W.Va.Code § 17C–5A–2(b).

ment should be imposed for purposes of governing the length of time permitted for the transmittal of an abstract of judgment by a magistrate. The almost three-year delay between the defendant's entry of a guilty plea and the transmittal of the abstract of judgment to the DMV was clearly beyond the pale of acceptable time allowances for such routine procedural duties.

In my view, the Legislature ought to address these two gaps in its scheme for prompt disposition of license revocation issues in the administrative setting. I agree, however, that the statute, as presently written, does not provide the Appellant with any relief for the unseemly delays that were imposed upon him.

Therefore, I reluctantly concur with the majority's opinion. I am authorized to say that Justice Starcher joins with me in this concurring opinion.