632 S.E.2d 353

**Harold PETRY, II, Petitioner Below, Appellant,**

v.

**F. Douglas STUMP, Commissioner, West Virginia Division of Motor Vehicles, Respondent Below, Appellee.**

No. 32886.

Supreme Court of Appeals of West Virginia.

Submitted May 10, 2006.

Decided May 24, 2006.

**198**

Carter Zerbe, Charleston, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, for the Appellee.

PER CURIAM:

Harold Petry, II, (hereinafter referred to as "Mr. Petry"), appeals from an order entered February 10, 2005, by the Circuit Court of Kanawha County. By that order, the circuit court denied Mr. Petry's petition for writ of prohibition and mandamus and application for a stay; wherein, Mr. Petry sought to preclude the Commissioner [1] of the West Virginia Division of Motor Vehicles (hereinafter referred to as the "Commissioner") from conducting a second license revocation hearing. Mr. Petry now appeals the circuit court's denial of the petition for writ of prohibition and mandamus. On appeal, Mr. Petry argues that the Commissioner should be prevented from holding a second hearing on Mr. Petry's license revocation because the lengthy time delay since the first hearing is prejudicial and violates Mr. Petry's due process rights. Based upon the parties' arguments, the record designated for our consideration, and the pertinent authorities, we reverse and remand the decision of the circuit court.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Petry was charged with driving under the influence (hereinafter referred to as "DUI") of alcohol on November 20, 1998. His privilege to drive was revoked by the Commissioner on November 24, 1998. Mr. Petry timely requested an administrative hearing. A hearing was held on February 16, 1999.

On April 23, 2003, the Commissioner revoked Mr. Petry's driver's license for a period of six months. This revocation was not a result of the February 16, 1999, hearing; but rather, was based on an abstract of judgment received from the county magistrate court indicating that Mr. Petry had entered a guilty plea to the offense of DUI.[2] The order of revocation from the Commissioner, dated April 23, 2003, states that "[y]ou are hereby notified that this Division has received notice from the clerk of the below-named court that you were convicted of the following offense: DUI . . . ." Mr. Petry, however, did not learn of this revocation until Fall 2004 when his employer performed a yearly background check on all of the employees. When Mr. Petry learned of the

---

1. F. Douglas Stump was not the Commissioner of the Division of Motor Vehicles for the entire pendency of this case. The current Commissioner of the Division of Motor Vehicles is Joseph Cicchirillo.

2. A conviction for DUI results in a mandatory revocation of a driver's license. *See* W. Va.Code § 17C–5A–1, *et seq.*

revocation, he contacted the Commissioner to report that the abstract of judgment had been incorrect. The charge of DUI had been dismissed and Mr. Petry had entered a guilty plea to the offense of reckless driving. Therefore, automatic revocation of his license was improper.

After a corrected abstract of judgment was received, the Commissioner stayed the order of revocation, and set an administrative hearing for March 7, 2005, even though an original hearing was held in the matter on February 16, 1999. The Commissioner has been unable to find the tapes from the original hearing and the evidence introduced during that hearing, which included photographs submitted by Mr. Petry and expert testimony. Mr. Petry filed a writ of prohibition, mandamus and application for stay with the Kanawha County Circuit Court, which was denied and the case was dismissed. Mr. Petry then filed a writ of prohibition, mandamus and application for stay with this Court, which was refused. The appeal period had not expired. Therefore, Mr. Petry filed a petition for appeal with this Court. The case is currently before this Court upon Mr. Petry's filing of a petition for appeal from the circuit court's denial of his extraordinary writ.

## II.

## STANDARD OF REVIEW

■ The present posture of this case is an appeal from a circuit court's summary denial of a writ of prohibition and mandamus and application for stay. Our case law instructs that a *de novo* review be applied. "The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syl. pt. 1, *State ex rel. Callahan v. Santucci*, 210 W.Va. 483, 557 S.E.2d 890 (2001). This Court has further advised that

> [o]ur standard of appellate review of a circuit court's decision to refuse to grant relief through an extraordinary writ of mandamus is *de novo*. *See* Syllabus Point

1, *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995)(granting relief through an extraordinary writ of mandamus is reviewed *de novo*) and *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996).

*State ex rel. Warner v. Jefferson County Comm'n*, 198 W.Va. 667, 671, 482 S.E.2d 652, 656 (1996). Mindful of this applicable standard, we now consider the substantive issues raised herein.

## III.

## DISCUSSION

■ Mr. Petry asserts that the Commissioner should be precluded from conducting a second hearing on his license revocation because the lengthy time delay since the first hearing is prejudicial and violates his due process rights. Therefore, Mr. Petry asserts that his driver's license should be restored. The Commissioner argues that a hearing was held in 1999; therefore, the Commissioner is bound to make a final determination regarding Mr. Petry's license. Further, the Commissioner argues that Mr. Petry was not prejudiced by the delay.

■ We have previously recognized the important property interest inherent in driver's licenses when we stated that "[t]here is not much question that in our mobile society the suspension of a driver's license ... constitutes a serious deprivation." *Jordan v. Roberts*, 161 W.Va. 750, 756, 246 S.E.2d 259, 262 (1978). Thus, we concluded that a driver's license is a property interest entitled to protection under our Due Process Clause.[3] *Id.*, 161 W.Va. at 753, 246 S.E.2d at 261 (citations omitted); *see also* Syl. pt. 1, *Abshire v. Cline*, 193 W.Va. 180, 455 S.E.2d 549 (1995) ("A driver's license is a property interest and such interest is entitled to protection under the Due Process Clause of the West Virginia Constitution.").

■ Due process rights must be considered under our general rules concerning unreasonable delay. As previously explained,

---

**3.** The Due Process Clause of the West Virginia Constitution states "[n]o person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers." W. Va. Const. art. 3, § 10.

[u]nder West Virginia Constitution art. III, § 10, which provides that "No person shall be deprived of life, liberty, or property, without due process of law ...," and under West Virginia Constitution art. III, § 17, which provides that "justice shall be administered without ... delay," administrative agencies performing quasi-judicial functions have an affirmative duty to dispose promptly of matters properly submitted.

Syl. pt. 7, *Allen v. State Human Rights Comm'n,* 174 W.Va. 139, 324 S.E.2d 99 (1984). Some delays are presumptively prejudicial, and if found to be presumptively prejudicial, then the government has the burden to rebut the presumption. "A delay of eleven years ... is presumptively prejudicial to the defendant and violates his right to due process of law, U.S. Const. Amend. XIV, and W. Va. Const. art. 3, § 10. The presumption is rebuttable by the government." Syl. pt. 1, in part, *State ex rel. Leonard v. Hey,* 269 S.E.2d 394 (1980). *See also State ex rel. Cline v. Maxwell,* 189 W.Va. 362, 368, 432 S.E.2d 32, 38 (1993) (a six-month delay by the Department is unreasonable, however, that delay, standing alone, is not sufficient to justify the dismissal of the licensees' revocation proceedings); *State v. Petrice,* 183 W.Va. 695, 700, 398 S.E.2d 521, 526 (1990) (per curiam) (a two and one-half-year delay between arrest and indictment was prima facie excessive). *But see Dolin v. Roberts,* 173 W.Va. 443, 317 S.E.2d 802 (1984) (a twenty-week delay between a licensee's arrest for DUI and suspension of his license was not "grossly excessive"); *Kanawha Valley Transp. Co. v. Public Serv. Comm'n,* 159 W.Va. 88, 219 S.E.2d 332 (1975) (a sixteen to twenty-three-month delay between the Public Service Commission's hearing and its decision did not, by itself, justify overturning the PSC's order).

The time delay in this case is so egregious that it rises to the level of being presumptively prejudicial, and the Commissioner has not been able to rebut this presumption. We feel compelled to recognize that this case presents even more flagrant facts that rise to the level of actual prejudice. In *Jordan,* we set forth requirements to ensure that due process conditions are met in cases involving suspensions of drivers' licenses. Relying on *North v. West Virginia Board of Regents,* 160 W.Va. 248, 233 S.E.2d 411 (1977), *cert. denied,* 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986), this Court in *Jordan* set forth the following as due process safeguards: " 'a formal written notice of charges; sufficient opportunity to prepare to rebut the charges; opportunity to have retained counsel at any hearings on the charges, to confront his accusers, and to present evidence on his own behalf; an unbiased hearing tribunal; and an adequate record of the proceedings.' [160 W.Va. at 257, 233 S.E.2d at 417.]" *Jordan,* 161 W.Va. at 755–56, 246 S.E.2d at 262. Applying these requirements to the present case, it is clear that Mr. Petry's due process rights were violated.

Focusing solely on the hearing that took place on February 16, 1999, it was revealed that the pertinent information gathered from the hearing has been lost. No court has been afforded the opportunity to review the hearing proceedings because the transcripts have been lost, along with all evidence submitted during the hearing. Mr. Petry went to substantial expense to submit photographs and expert testimony, and all such information is no longer available. During oral argument before this Court, counsel for the Commissioner admitted that the hearing examiner who conducted the February 16, 1999, hearing was an "errant" examiner who mishandled files and evidence. The hearing examiner was terminated in 2002.

Additionally, " '[t]he effect of less gross delays upon a defendant's due process rights must be determined by a trial court by weighing the reasons for delay against the impact of the delay upon the defendant's ability to defend himself.' Syl. pt. 2, *State ex rel. Leonard v. Hey,* 269 S.E.2d 394 (W.Va. 1980)." Syl. pt. 2, *Dolin v. Roberts,* 173 W.Va. 443, 317 S.E.2d 802 (1984). The time delay in the present case is presumptively prejudicial; thus, we do not need to weigh the reasons for the delay against the impact of the delay on Mr. Petry's ability to defend himself. The hearing was held on February 16, 1999, and no decision has yet been rendered. The Commissioner argues no decision has been rendered because of the erro-

neous abstract from the magistrate court regarding a guilty plea to DUI; however, this argument fails. The order of revocation based on the erroneous abstract was not entered until April 2003, and even the time delay from the February 16, 1999, hearing until the revocation in April 2003, is presumptively prejudicial when, as in the present case, no reason exists for the Commissioner's delay.

The Commissioner argues that *In re Petition of Donley*, 217 W.Va. 449, 618 S.E.2d 458 (2005) (per curiam) applies wherein a delay of three years was found to be unreasonable. In *Donley*, however, the claimant was still not afforded relief because even though the delay was unreasonable, the claimant suffered no prejudice. Mr. Petry has demonstrated ample prejudice, unlike the petitioner in *Donley*. Here, the actual delay is much longer than in the *Donley* case because the proceedings began in 1998, with the hearing in early 1999. Therefore, the delay is presumptively violative of Mr. Petry's due process rights.

Mr. Petry has pointed out that, as a result of the mishandling of the hearing documents, he would be subjected to double expense if the second hearing is allowed to go forward. Significantly, in addition to having no record of the proceeding itself, Mr. Petry is unable to accurately recreate the evidence as it existed at the relevant time. The pictures used during the first hearing were lost with the rest of the record and new pictures cannot be made because the subject area has been vastly renovated and is no longer representative of its earlier state. Moreover, the mechanism used for his breathalyzer test in 1998 is no longer the method used and it would be difficult to obtain a current expert who could testify regarding the version that applied to Mr. Petry. Thus, it is apparent that Mr. Petry's due process rights were violated in the fact that there is no adequate record of the proceedings.

The situation is confounded by the fact that, on top of the lengthy time delay, the Commissioner is currently attempting to hold a second hearing. Presumably, the second hearing was necessitated by the Commissioner's mishandling of the record of the first hearing. We find it significant that the loss of the record was in no way attributable to any misconduct on the part of Mr. Petry. We also find instructive, as has been recognized in regard to administrative boards, that a second hearing may not be held where "all the facts and questions considered at the ... hearing (are) identical to those considered and decided ... in ... [the] first proceeding." *Longwell v. Hodge*, 171 W.Va. 45, 47, 297 S.E.2d 820, 822 (1982) relying on *Wolfe v. Forbes*, 159 W.Va. 34, 217 S.E.2d 899 (1975). While no decision stemmed from the first hearing, the Commissioner's failure to afford Mr. Petry his constitutional right to due process cannot be used to claim that the above sentiment does not apply. Rather, the sentiment applies in Mr. Petry's case to preclude a second hearing because the hearing would revisit the same facts and questions as were previously addressed in the first hearing. If the Commissioner had promptly resolved the case, there would be no need for a second hearing. Moreover, if the Commissioner had properly maintained an adequate record, there would be no need for a second hearing.[4]

## IV.

### CONCLUSION

Accordingly, this Court concludes that the time delay after the administrative hearing, with no resulting decision, is presumptively prejudicial. Moreover, the delay caused Mr. Petry to suffer actual prejudice, and the revocation proceedings should be dismissed as being violative of Mr. Petry's due process rights. For the foregoing reasons, we reverse the February 10, 2005, order of the Circuit Court of Kanawha County that denied Mr. Petry's petition for writ of prohibi-

---

4. While not having any direct relevance to the present case, we also find it noteworthy that Mr.

Petry had no previous driving offenses prior to

tion and mandamus, and remand the case for proceedings consistent with this opinion.[5]

Reversed and Remanded.

November 1998 and has had no subsequent driving infractions since that time.

5. Mr. Petry made a motion for an award of his attorney's fees. However, this Court declines to make such an award.