IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017 Term

No. 16-0996

FILED

**November 1, 2017**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

JERRY S. STRAUB,
Petitioner

v.

PAT S. REED, COMMISSIONER,
WEST VIRGINIA DIVISION OF
MOTOR VEHICLES,
Respondent

Appeal from the Circuit Court of Cabell County
The Honorable F. Jane Hustead, Judge
Case No. 16-C-274

AFFIRMED

Submitted: October 11, 2017
Filed: November 1, 2017

R. Lee Booten, II, Esq.                         Patrick Morrisey, Esq.
Huntington, West Virginia                       Attorney General
Attorney for Petitioner                         Janet E. James, Esq.
                                                Assistant Attorney General
                                                Charleston, West Virginia
                                                Attorneys for Respondent

JUSTICE WORKMAN delivered the Opinion of the Court.
JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.      "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).

2.      "A driver's license is a property interest and such interest is entitled to protection under the Due Process Clause of the West Virginia Constitution." Syl. Pt. 1, *Abshire v. Cline*, 193 W.Va. 180, 455 S.E.2d 549 (1995).

3.      "'A law enforcement officer's failure to strictly comply with the DUI arrest reporting time requirements of *W.Va. Code,* 17C-5A-l(b) [1994] is not a bar or impediment to the commissioner of the Division of Motor Vehicles taking administrative action based on the arrest report, unless there is actual prejudice to the driver as a result of such failure.' Syllabus point 1, *In re Burks,* 206 W.Va. 429, 525 S.E.2d 310 (1999)." Syl. Pt. 3, *Carpenter v. Cicchirillo*, 222 W.Va. 66, 662 S.E.2d 508 (2008).

4.      "On appeal to the circuit court from an order of the Office of Administrative Hearings affirming the revocation of a party's license to operate a motor vehicle in this State, when the party asserts that his or her constitutional right to due process has been violated by a delay in the issuance of the order by the Office of

i

Administrative Hearings, the party must demonstrate that he or she has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay." Syl. Pt. 2, *Reed v. Staffileno*, __ W.Va. __, 803 S.E.2d 508 (2017).

WORKMAN, Justice:

Nearly two years after Petitioner Jerry S. Straub was arrested for driving under the influence of alcohol ("DUI"), Respondent Pat S. Reed, Commissioner of the West Virginia Division of Motor Vehicles (hereinafter the "DMV"), issued an order revoking his driver's license. On appeal, the Office of Administrative Hearings (the "OAH"), affirmed the license revocation. The circuit court upheld that decision.

On appeal to this Court, Mr. Straub's primary contention is that the procedural delays were so unreasonably excessive they violated his constitutional due process rights. Based upon our review of the briefs, legal authorities, appendix record, and upon consideration of arguments of counsel, this Court finds no merit to his arguments. Therefore, we affirm the order of the circuit court.

## I.     FACTS AND PROCEDURAL HISTORY

A police officer with the Ceredo, West Virginia, Police Department arrested Mr. Straub for DUI on January 9, 2011. The officer initiated the traffic stop at approximately 3:00 a.m., after he observed Mr. Straub backing his vehicle into oncoming traffic and almost striking another vehicle. The officer smelled alcohol on Mr. Straub's breath and noticed his eyes were glassy and bloodshot. Mr. Straub admitted to drinking; he told the officer that he had consumed six to eight beers that evening. Mr. Straub failed a preliminary breath test, and the results of the secondary chemical test showed his blood alcohol concentration level was 0.107%.

1

Mr. Straub appeared, pro se, before the City of Ceredo Municipal Court on March 10, 2011, and his misdemeanor DUI charge was dismissed.

For reasons not explained in the record, the DMV maintains that it did not receive the DUI Information Sheet from the arresting officer until November 27, 2012. The DMV issued an order revoking Mr. Straub's driving privileges on December 18, 2012. Thereafter, Mr. Straub requested a hearing with the OAH to challenge the revocation.

Following several continuances for various reasons, the administrative hearing eventually took place before a hearing examiner on March 10, 2015.[1] The police officer testified about the events surrounding the arrest. When he testified, Mr. Straub did not dispute the fact that he was driving while intoxicated. Rather, Mr. Straub testified that he felt prejudiced by the delay of the revocation order being issued over twenty-three months from the time of his arrest, and the incident then being over four years old. Mr. Straub testified that he was employed as a pharmaceutical sales representative, and his employer issued notices of potential layoffs regularly. He further testified that during the time frame between his arrest for DUI and the administrative hearing, he attempted to secure other employment. Mr. Straub claimed that he was interviewed by recruiters, but

_____

[1] During that time, four hearings were scheduled and continued: the first upon Mr. Straub's motion for continuance, the second for failure of the officer to appear, the third on the hearing examiner's sua sponte motion, and the fourth due to Mr. Straub's motion for continuance.

once they learned that his driver's license could possibly be revoked, the recruiters would no longer continue his job search. Fortunately, Mr. Straub's employer did not lay him off and he continued working while the matter was pending. At the administrative hearing, Mr. Straub's counsel moved to dismiss the case based on the procedural delays.

On February 22, 2016, the OAH issued the decision of the hearing examiner which was adopted by the final order of the chief hearing examiner. The OAH found that Mr. Straub drove a motor vehicle while under the influence of alcohol on January 9, 2011. It ordered Mr. Straub's driver's license revoked under West Virginia Code § 17C-5A-2(j) (2013). The OAH did not address Mr. Straub's arguments regarding procedural delays; it noted the OAH "does not have jurisdiction to deal with issues of timing and delay."

Mr. Straub appealed the OAH order to the circuit court and requested a stay of the revocation order pending that appeal pursuant to West Virginia Code § 17C-5A-2(s) (2013). The circuit court held a hearing on the matter and granted Mr. Straub's motion for stay.[2] By order entered October 21, 2016, the circuit court affirmed the OAH order, finding no merit to Mr. Straub's arguments.

_____

[2] At this hearing, the DMV moved to dismiss the matter on jurisdictional grounds, and argued that it was not an appeal of a "contested case" pursuant to West Virginia Code § 29A-5-4 (2015), because Mr. Straub did not contest the fact he was driving under the influence. The DMV asserted that Mr. Straub's appeal was akin to a request for the (continued . . .)

3

Mr. Straub filed this appeal, and presented a motion to stay the circuit court's order pending our appeal. On November 1, 2016, this Court granted this motion.

## II.  STANDARD OF REVIEW

This Court has held that

> [o]n appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996).  With these standards in mind, we proceed to the merits of this appeal.

## III.  DISCUSSION

Mr. Straub raises four separate, but largely interconnected, assignments of error on the subject of procedural delays. In the interest of brevity, we address the related issues in the context of his core argument. Mr. Straub asserts that the delays in the administrative proceedings violated his constitutional rights guaranteed by the Fifth

---

extraordinary relief of rescission of a license revocation based upon delay in the administrative proceedings. The circuit court denied the DMV's motion. This issue is not squarely before the Court.

4

Amendment to the United States Constitution and Article III, section 10 and section 17 of the West Virginia Constitution.[3]

### *Delays and Procedural Due Process*

The Legislature has imposed no time limitations on the DMV's statutory authority to issue a revocation order following a driver's DUI arrest.[4] Similarly, the OAH has no statutory or regulatory time limitations within which to issue its decision following an administrative hearing.[5] Nevertheless, this Court has recognized that "[a] driver's license is a property interest and such interest is entitled to protection under the Due Process Clause of the West Virginia Constitution." Syl. Pt. 1, *Abshire v. Cline*, 193 W.Va. 180, 455 S.E.2d 549 (1995). Thus, "due process concerns are raised when there are excessive and unreasonable delays in [driver's] license suspension cases." *Holland v. Miller*, 230 W.Va. 35, 39, 736 S.E.2d 35, 39 (2012).

> [T]his Court has long recognized the constitutional mandate that "'justice shall be administered without . . . delay.' W.Va. Const. Art. III, § 17." *Frantz v. Palmer,* 211 W.Va. 188, 192, 564 S.E.2d 398, 402 (2001). *See Petry v. Stump,* 219 W.Va. 197, 200, 632 S.E.2d 353, 356 (2006); and *Allen v. State, Human Rts. Comm'n,* 174 W.Va. 139, 157, 324 S.E.2d 99, 118 (1984). We have further declared that "[j]ust as circuit court judges 'have an affirmative duty to render timely decisions on matters properly submitted within a reasonable time following their submission,' Syl. Pt. 1, in part, *State ex*

---

[3] This is Mr. Straub's second assignment of error.

[4] *See* W.Va. Code § 17C-5A-1(c).

[5] *See* W.Va. Code § 17C-5C-1 et seq. and 105 W.Va. CSR § 1-1 et seq.

5

*rel. Patterson v. Aldredge,* 173 W.Va. 446, 317 S.E.2d 805 (1984), the obligation to act in a timely fashion is similarly imposed upon administrative bodies[.]" *Frantz,* 211 W.Va. at 192, 564 S.E.2d at 402. Indeed, as we held in syllabus point 2 of *Frantz,* "'[A]dministrative agencies performing quasi-judicial functions have an affirmative duty to dispose promptly of matters properly submitted.' Syl. Pt. 7, in part, *Allen v. State, Human Rights Comm'n,* 174 W.Va. 139, 324 S.E.2d 99 (1984)."

*Miller v. Moredock*, 229 W.Va. 66, 70, 726 S.E.2d 34, 38 (2011).[6]

In the present case, Mr. Straub complains about two delays. First, the DMV issued its order revoking his driver's license twenty-three months after his arrest for DUI. And second, the OAH issued its decision affirming that revocation eleven months following the administrative hearing. Mr. Straub asserts these delays were grossly excessive, unreasonable, and violated his procedural due process rights guaranteed by the

---

[6] Mr. Straub's fourth assignment of error is that the OAH and the DMV's failure to establish internal procedural time limits violated his "constitutional and statutory due process rights." This contention is premised on West Virginia Code § 29A-5-1(a), which provides that "[e]ach agency shall adopt appropriate rules of procedure for hearing and contested cases[.]" However, we reject the argument that this language creates a statutory mandate for the DMV and the OAH to establish strict internal procedural time limits. The gist of his argument is that it is unfair to drivers that the DMV and the OAH are not held to clearly established deadlines, especially since they are so lackadaisical in performing their respective administrative duties. However, this is an argument best made to the Legislature, not this Court. *See* Syl. Pt. 2, *Huffman v. Goals Coal Co.*, 223 W.Va. 724, 725, 679 S.E.2d 323, 324 (2009) ("This Court does not sit as a superlegislature, commissioned to pass upon the political, social, economic or scientific merits of statutes pertaining to proper subjects of legislation. It is the duty of the Legislature to consider facts, establish policy, and embody that policy in legislation. It is the duty of this Court to enforce legislation unless it runs afoul of the State or Federal *Constitutions*.").

Fifth Amendment to the United States Constitution and Article III, sec. 10 and sec. 17 of the West Virginia Constitution.

With regard to the first delay, the DMV counters that the lag in receipt of the arresting officer's DUI Information Sheet following the arrest did not relieve the DMV of its statutory duty to revoke Mr. Straub's driver's license. We agree. As this Court held in syllabus point three of *Carpenter v. Cicchirillo*, 222 W.Va. 66, 662 S.E.2d 508 (2008):

> "A law enforcement officer's failure to strictly comply with the DUI arrest reporting time requirements of *W.Va. Code,* 17C-5A-l(b) [1994] is not a bar or impediment to the commissioner of the Division of Motor Vehicles taking administrative action based on the arrest report, unless there is actual prejudice to the driver as a result of such failure." Syllabus point 1, *In re Burks,* 206 W.Va. 429, 525 S.E.2d 310 (1999).

When a driver asserts constitutional error due to a substantial delay in holding the administrative license revocation hearing, the pivotal issue is whether he or she can demonstrate prejudice. That is, whether the driver's ability to present his or her defense was affected by the delay. In *Meadows v. Reed*, No. 14-0138, 2015 WL 1588462 (W.Va. Mar. 16, 2015) (memorandum decision), this Court granted the driver relief after we determined that the four-year delay before the matter went to administrative hearing was prejudicial to the driver's ability to defend himself. Significantly, that delay encompassed the death of the investigating officer, whose conclusions in the DUI information sheet were hotly contested by the driver. In contrast, we declined to grant the

7

driver relief in *Reed v. Conniff*, 236 W.Va. 300, 779 S.E.2d 568 (2015), when there was a four-year delay before the matter went to administrative hearing; in *Coniff*, the delay did not prejudice the driver's ability to mount a defense to the charge.

Turning to the instant case, we agree with Mr. Straub's general contention that a driver should not be forced to live under the cloud of a pending revocation for nearly two years. Nevertheless, Mr. Straub fails to raise any serious argument that he was actually prejudiced or unable to adequately present his case when it did go to hearing before the OAH. In fact, Mr. Straub presented *no* evidence at the OAH hearing in defense of the DMV's assertion that he was driving under the influence.

Instead, by way of analogy, Mr. Straub asserts as his third assignment of error that the one-year statute of limitations for misdemeanors[7] should bar the DMV's administrative action, considering the fact his arrest was for misdemeanor DUI. This analogy is misplaced on its face and ignores our case law regarding the "clear statutory demarcation between the administrative issue on a suspension and the criminal issue on a charge of driving while under the influence." *Jordan v. Roberts*, 161 W.Va. 750, 757, 246 S.E.2d 259, 263 (1978). Accordingly, we find the statute of limitations for Mr.

_____

[7] *See* W.Va. Code § 61-11-9 (2014).

8

Straub's DUI criminal charge is in no way germane to his procedural due process challenge to the administrative revocation proceeding.[8]

The instant case is factually similar to *In re Petition of Donley*, 217 W.Va. 449, 618 S.E.2d 458 (2005), wherein the driver contended that the delay of almost three years between his guilty plea to second offense DUI and the driver's license revocation order violated his constitutional due process rights. In *Donley*, this Court found such delay patently unreasonable. *Id.* at 452, 618 S.E.2d at 461. Nevertheless, we held that the driver was not entitled to relief "because no prejudice flowed from the delay." *Id.*

Likewise, the twenty-three month delay between the DUI arrest and the DMV's issuance of the revocation order in the instant matter was excessive and unreasonable. However, Mr. Straub is still not entitled to relief because he can show no actual prejudice that flowed from this delay. As mentioned above, at the administrative

---

[8] *See* Syl. Pt. 3, *Carroll v. Stump*, 217 W.Va. 748, 619 S.E.2d 261 (2005) ("Administrative license revocation proceedings for driving a motor vehicle under the influence of alcohol, controlled substances or drugs which are initiated pursuant to Chapter 17C of the West Virginia Code are proceedings separate and distinct from criminal proceedings arising from driving a motor vehicle under the influence of alcohol, controlled substances or drugs. The presentation of a sworn complaint before a magistrate and the magistrate's finding of probable cause and issuance of a warrant are not jurisdictional prerequisites to the commencement of administrative license revocation proceedings pursuant to Chapter 17C of the West Virginia Code."); *see e.g., Alvarez v. State, Dep't of DMV*, 249 P.3d 286, 291-92 (Alaska 2011) (rejecting argument that speedy trial limits apply to driver's license suspension proceedings because "both the Alaska and United States Constitutions grant the right to a speedy trial only with regard to criminal proceedings, and a license revocation proceeding is not a criminal proceeding.") (footnote omitted).

hearing Mr. Straub did not dispute the fact that he was driving while intoxicated. Therefore, the delay did not hamper Mr. Straub's defense of the charge; he advanced none.[9]

We turn now to the second delay. Mr. Straub complains that it took the OAH eleven months to issue its final order following the hearing. On this issue, the DMV counters that it cannot defend the OAH's delay because the DMV "has no control over"

---

[9] For this reason, the correlated first assignment of error lacks merit. Mr. Straub argues that the OAH's hearing officer's failure to rule upon the procedural delay issue was a violation of his "due process rights, in addition to those violations arising from pre-issuance and post-issuance unreasonable delays[.]" However, Mr. Straub does not cite any authority for the proposition that he would be entitled to relief simply due to the OAH's failure to rule on his constitutional arguments. In *Matter of Callaghan*, 238 W.Va. 495, 796 S.E.2d 604 (2017), cert. denied sub nom. *Callaghan v. W. Virginia Judicial Investigation Comm'n*, No. 17-54, 2017 WL 2972601 (U.S. Oct. 2, 2017), this Court briefly discussed the issue. Looking to other jurisdictions, we noted that an agency before which constitutional challenges are raised generally acts with the "presumption that its rules and actions were constitutional and reserve[s] to the appropriate judicial forum the final resolution of constitutionality." *Id.* at 510 n.15, 796 S.E.2d at 619 n.15. "[A]lthough the general rule is that agencies do not have the authority to decide constitutional issues, agencies must consider and apply constitutional principles in determining procedures and rendering decisions in contested cases." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 453 (Tenn. 1995). More specifically, "[w]hen the focus of an aggrieved party's claim is an 'as applied' challenge to the constitutionality of a statute or any challenge to the constitutionality of an agency rule, the agency *may* initially rule on the challenge." *Id.* at 455 (emphasis added). Here, Mr. Straub does not articulate any real prejudice flowing from the OAH's failure to address his constitutional arguments.

10

the OAH. Nevertheless, the DMV states that Mr. Straub's argument regarding this delay lacks merit because he can demonstrate no actual prejudice. [10] We agree.

When evaluating a procedural due process challenge regarding the OAH's delay in issuing its order after the administrative hearing, we again focus on whether the driver demonstrates actual prejudice. And in this circumstance, "the issue of prejudice necessarily involves prejudice to a party that occurred *after* the hearing was held." *Reed v. Staffileno*, __ W.Va. __, __, 803 S.E.2d 508, 513 (2017) (emphasis added).

In *Staffileno*, the driver put forth compelling evidence of prejudice because he made a career change during the thirty-nine month period between the OAH administrative hearing and its final order. ___ W.Va. at ___, 803 S.E.2d at 513. We affirmed the circuit court's finding that Mr. Staffileno was prejudiced by this delay because he would not have retired from his desk job when he did and changed his employment to that of a school bus driver, if the OAH had issued a timely decision. *Id.*

---

[10] The DMV also asserts that Mr. Straub's failure to bring an action for extraordinary relief against the OAH to issue its decision in a timely fashion renders moot his complaint about the delay. We disagree. This Court rejected similar arguments in *Miller v. Moredock*, and stated that despite the availability of extraordinary relief as a means of seeking issuance of delayed decisions, a party whose driver's license has been revoked should not have to resort to such relief to obtain a decision within a reasonable period of time following an administrative hearing. 229 W.Va. at 72 n.7, 726 S.E.2d at 40 n.7

11

Our holding in syllabus point two of *Staffileno* is dispositive of this issue:

> On appeal to the circuit court from an order of the Office of Administrative Hearings affirming the revocation of a party's license to operate a motor vehicle in this State, when the party asserts that his or her constitutional right to due process has been violated by a delay in the issuance of the order by the Office of Administrative Hearings, the party must demonstrate that he or she has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay.

___ W.Va. at ___, 803 S.E.2d at 510.

Accordingly, we find the OAH's eleven-month delay in issuing its final order in this matter egregious. A driver should not have to wait this long to receive an order following an administrative hearing, and these delays cannot be condoned. Nevertheless, we decline to grant Mr. Straub relief because he can identify no actual and substantial prejudice, e.g., some type of detrimental change in his circumstances, related to the delay in OAH issuing its final order.

The circuit court was correct in finding that Mr. Straub demonstrated no prejudice by either the delay of the DMV in issuing the revocation order, or the delay in

the OAH's issuing its final order. Thus, we find Mr. Straub's related assignments of error regarding procedural delays lack merit.[11]

## IV. CONCLUSION

We affirm the October 21, 2016, order of the Circuit Court of Cabell County.

Affirmed.

---

[11] As his fifth assignment of error, Mr. Straub challenges West Virginia Code § 17C-5A-2(s)—the procedure for obtaining a stay from the circuit court pending appeal— and claims the statute violates "the United States and West Virginia constitutional guarantees of due process of law, and their concepts of procedural due process, substantive due process, and equal protection of law."

This Court is at a loss to comprehend why Mr. Straub would assign this error considering the fact the circuit court *granted* his request to stay the revocation order pending appeal. "It is an established principle of law that one may not urge the unconstitutionality of a statute if he is not harmfully affected by the particular feature of the statute alleged to be in conflict with the Constitution." *Wilson v. State*, 264 A.2d 510, 511 (Del. 1970). "A closely related principle is that constitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). These principles "reflect the conviction that under our constitutional system courts are not roving commissions assigned to pass judgment on the validity of the Nation's laws." *Id.* at 610-11. Accordingly, we decline to address this assignment of error.

13