No. 17-0174 – *Reed, DMV Commissioner v. Boley*

**FILED**
**April 26, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum dissenting:

Four years!  It took over four years from the date of Mr. Boley's arrest, August 11, 2011, until the date he received a ruling from the OAH, November 10, 2015. Unbelievably, it took the OAH two and a half years between the administrative hearing and the date it issued its order revoking Mr. Boley's driver's license.  Why the two and a half year delay?  I'll let the circuit court's order speak for itself: "The Respondent [DMV] presented **no evidence** to the Court addressing the reason or cause for the delay of the decision to revoke [Mr. Boley's] driving privileges." (Emphasis added).

Sadly, this case is not an anomaly.  We had one just like it recently in which there was a two-year delay between the defendant's arrest for DUI and the DMV's entry of its initial revocation order.  I dissented in that case as well:

> "Justice shall be administered without . . . delay." W.Va. Const. art. III, § 17. That commendable constitutional mandate was heinously ignored in this case.  It took the DMV almost two years after the defendant was arrested and charged with DUI to enter its administrative revocation.  Thereafter, it took the OAH nearly one year to affirm the administrative revocation.  All of these delays have caused this defendant, who was arrested in 2011, to live with the specter of a pending driver's license revocation for the better part of a decade.  This is completely unreasonable and at odds with our constitutional mandate that justice be administered without delay.

1

*Straub v. Reed*, 239 W.Va. 844, ___, 806 S.E.2d 768, 775-76 (2017) (Ketchum, J., dissenting).[1]

Sound familiar? It should. The majority opinion in *Straub* and in the present case have given the OAH carte blanche to take years, literally years, to enter an order following a revocation proceeding. These enormous delays offend all notions of due process and fundamental fairness. See *Holland v. Miller*, 230 W.Va. 35, 39, 736 S.E.2d 35, 39 (2012). ("[D]ue process concerns are raised when there are excessive and unreasonable delays in license suspension cases."). As *Straub* and the present case make clear, the OAH may wait at least two and a half years before entering an order without suffering any repercussions. How long must the OAH delay before this Court says enough is enough? Five years? A decade?

By way of analogy, imagine if this Court encountered a two and a half year delay in the context of a misdemeanor DUI criminal matter. A DUI misdemeanor offense must be brought within one year under W.Va. Code § 61-11-9 [2002]. If it is not

---

[1] In *Reed v. Conniff*, 236 W.Va. 300, 308, 779 S.E.2d 568, 576 (2015), this Court correctly observed

"[s]ome delays are presumptively prejudicial, and if found to be presumptively prejudicial, then the government has the burden to rebut the presumption." *Petry v. Stump*, 219 W.Va. 197, 200, 632 S.E.2d 353, 356 (2006). We have little difficulty in concluding that the overall four-year delay in this matter and circumstances surrounding the various continuances are of such a nature as to render the delay presumptively prejudicial. *See Petry*, 219 W.Va. 197, 632 S.E.2d 353 (finding six-year delay presumptively prejudicial); *In re Petition of Donley*, 217 W.Va. 449, 618 S.E.2d 458 (2005) (finding three-year delay unreasonable); *Meadows v. Reed*, No. 14–0138, 2015 WL 1588462 (W.Va. March 16, 2015) (finding four-year delay resulted in prejudice to driver).

brought within one year, the case is dismissed. The defendant is not required to demonstrate how he/she was prejudiced by the delay. We should adopt and apply that rule in the instant case. That is, if the DMV takes two years after the arrest to enter its initial revocation order, as we saw in *Straub*, or if the OAH takes two and a half years between the administrative hearing and the date it enters its revocation order, as in the present case, the case should be dismissed because of the unreasonable delay without requiring the defendant to demonstrate prejudice.

Based on all of the foregoing, I dissent.