IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2018 Term

_____

No. 17-0174

_____

FILED

**April 26, 2018**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

PAT REED, COMMISSIONER OF THE WEST VIRGINIA DIVISION OF MOTOR
VEHICLES,
Respondent Below, Petitioner,

v.

BRIAN A. BOLEY,
Petitioner Below, Respondent.

_____

Appeal from the Circuit Court of Pleasants County
The Honorable Timothy L. Sweeney, Judge
Civil Action No. 15-P-21

REVERSED AND REMANDED

_____

Submitted: March 6, 2018
Filed: April 26, 2018

Patrick Morrisey, Esq.
Attorney General
Janet E. James, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for the Petitioner

George J. Cosenza, Esq.
GEORGE J. COSENZA, PLLC
Parkersburg, West Virginia
Counsel for the Respondent

JUSTICE WALKER delivered the Opinion of the Court.

JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.     "'On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.' Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996)." Syllabus Point 1, *Straub v. Reed*, 239 W. Va. 844, 806 S.E.2d 768 (2017).

2.     "In cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*." Syllabus Point 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

3.     "On appeal to the circuit court from an order of the Office of Administrative Hearings affirming the revocation of a party's license to operate a motor vehicle in this State, when the party asserts that his or her constitutional right to due process has been violated by a delay in the issuance of the order by the Office of Administrative Hearings, the party must demonstrate that he or she has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has

been proven, the circuit court must then balance the resulting prejudice against the reasons

for the delay." Syllabus Point 2, *Reed v. Staffileno*, 239 W. Va. 538, 803 S.E.2d 508 (2017).

WALKER, JUSTICE:

After he was arrested for driving under the influence of alcohol (DUI), Brian Boley's driver's license was revoked by the Commissioner of the West Virginia Division of Motor Vehicles (DMV) in August 2011. Mr. Boley challenged the revocation by appeal to the Office of Administrative Hearings (OAH), which conducted a hearing in May 2013 but then took no action for two and a half years; eventually, the OAH affirmed the revocation in November 2015. The circuit court subsequently reversed the revocation on the grounds that Mr. Boley suffered actual and substantial prejudice as a result of the long delay by the OAH and that the DMV had offered no justifiable reason for the delayed decision. The DMV contends, among other things, that the circuit court erred in finding that Mr. Boley suffered actual and substantial prejudice as a result of the post-hearing delay by the OAH. We agree and reverse the circuit court's order and remand this case for the reinstatement of the DMV's revocation order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2011, Mr. Boley failed to stop at a stop sign and was pulled over by Sr. Trooper B. L. Meeks of the West Virginia State Police. While speaking with Mr. Boley, Trooper Meeks noticed the odor of alcohol on Mr. Boley's breath and observed that Mr. Boley's speech was slurred and hesitant and that his eyes were bloodshot and glassy. Mr. Boley admitted that he had consumed "a few beers." Trooper Meeks administered three field sobriety tests and a preliminary breath test upon Mr. Boley. Mr. Boley failed each test and was arrested for DUI. After his arrest, Mr. Boley consented to

1

a secondary chemical test of the breath, which showed a blood alcohol content of .097. Mr. Boley held a Class A commercial driver's license at the time of his arrest.

On August 16, 2011, the DMV received the DUI information sheet related to Mr. Boley's arrest, and on August 23, 2011, the DMV issued an order of revocation. Mr. Boley requested a hearing with the OAH. In his written objection to the revocation order, Mr. Boley argued that Trooper Meeks did not have articulable reasonable suspicion to stop Mr. Boley's vehicle or probable cause to arrest him. Mr. Boley further argued that Trooper Meeks failed to administer the field sobriety tests in strict compliance with standard criminal procedure and that the standard chemical test administered to Mr. Boley was not done in accordance with Department of Health regulations or West Virginia law. Mr. Boley's hearing was initially set for January 11, 2012. However, at the request of Mr. Boley's counsel, the hearing before the OAH was continued and rescheduled twice, once for a scheduling conflict of Mr. Boley's counsel and once due to the unavailability of a necessary witness. Mr. Boley's counsel made a third request for continuation of the hearing, which was denied by the OAH.

The OAH hearing ultimately took place on May 9, 2013. Mr. Boley testified that his preliminary and secondary chemical breath tests were affected because he had smokeless tobacco in his mouth at the time of the vehicle stop and did not remove the tobacco until he was at the regional jail. On November 10, 2015, the OAH entered its

decision affirming the revocation of Mr. Boley's driver's license finding that "[Mr. Boley], while the holder of a commercial driver's license, drove a motor vehicle in this state under the influence of alcohol." The OAH found that the reliability of Mr. Boley's testimony regarding his use of smokeless tobacco at the time of the vehicle stop was "questionable at best," but even if accurate, "would not affect the disposition of the case" as the remainder of the evidence was sufficient to prove that Mr. Boley was driving under the influence.

Mr. Boley appealed the OAH decision to the Circuit Court of Pleasants County. At his hearing on October 28, 2016, Mr. Boley's counsel asserted that as a commercial truck driver with limited education and limited alternative employment opportunities, he was prejudiced by the two-and-a-half year delay in the issuance of the OAH's order. He also asserted that due to the delay, Mr. Boley did not make any contingency plans, such as attempting to find a job that would not require him to drive, because he believed that the OAH had forgotten about his case and would not revoke his license. The DMV countered that under the decisions of this Court, Mr. Boley was required to show that the delay prejudiced him in his ability to defend himself in the license revocation proceedings in order to prove actual and substantial prejudice. The DMV also asserted that the OAH, which was not joined as a party, was a separate entity responsible for the delay in entering the order. The circuit court stayed the revocation of Mr. Boley's driver's license for a period of 150 days.

3

By order dated January 17, 2017, the circuit court vacated the OAH's revocation order and reinstated Mr. Boley's driver's license. Noting Mr. Boley's limited education and limited alternative employment offers, the circuit court held that such delay was actually and substantially prejudicial to Mr. Boley "due to the uncertainty created by such delay upon one's ability to avoid prejudice as a result of a prospective suspension" and that any revocation "has and will cause [Mr. Boley] and his family to suffer considerable hardship." The circuit court also found that the DMV offered "no explanation or justifiable reason for [the two and one-half year] delay in" the issuance of the OAH's decision and presented no evidence contesting the court's findings regarding Mr. Boley's limitations and resulting hardship. It is from the circuit court's order that the DMV now appeals.

## II.  STANDARD OF REVIEW

With respect to the applicable standard of review, we recently confirmed that:

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).[1]

---

[1] Syl. Pt. 1, *Straub v. Reed*, 239 W. Va. 844, 806 S.E.2d 768 (2017).

Moreover, "[i]n cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo*."[2] With these standards in mind, we review the parties' arguments.

## III. ANALYSIS

We first address the DMV's assertion that the circuit court erred in finding that the OAH's two-and-a-half year delay in issuing a final decision was prejudicial to Mr. Boley. While the statutes governing revocation proceedings before the OAH do not impose time constraints on the issuance of decisions by that agency following an administrative hearing,[3] this Court has long recognized the constitutional mandate that "'justice shall be administered without . . . delay.' W. Va. Const. Art. III, § 17."[4] We further have recognized that "administrative agencies performing quasi-judicial functions have an affirmative duty to dispose promptly of matters properly submitted."[5]

---

[2] Syl. Pt. 2, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996).

[3] *See* W. Va. Code §§17C-5C-1 through 17C-5C-5 (2017), and W. Va. C.S.R. §§ 1-1 through 1-18.

[4] *Frantz v. Palmer*, 211 W.Va. 188, 192, 564 S.E.2d 398, 402 (2001).

[5] Syl. Pt. 7, in part, *Allen v. State Human Rights Comm'n*, 174 W.Va. 139, 324 S.E.2d 99 (1984).

5

In *Miller v. Moredock*,[6] an appeal by the DMV from a circuit court order reversing the suspension of the respondent's driver's license for DUI following a seventeen-month delay between the administrative hearing and entry of the final order of revocation, the circuit court had found that such a delay was "presumptively" prejudicial. In that case, the DMV argued "that the circuit court failed to find that [respondent] suffered any actual prejudice as a result of the delay and that, absent such a finding, the revocation order should have been affirmed."[7] We set out the following standard in *Miller* for determining prejudice from a delay in the issuance of a revocation order after a hearing had been held:

> On appeal to the circuit court from an order revoking a party's license to operate a motor vehicle in this State, when the party asserts that his constitutional right to due process has been violated by a delay in the issuance of the revocation order by the Commissioner of the Division of Motor Vehicles, he must demonstrate that he has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay.[8]

---

[6] 229 W. Va. 66, 70, 726 S.E.2d 34, 38 (2011).

[7] *Id.*

[8] *Id.* at Syl. Pt. 5.

6

Subsequently, in *Reed v. Staffileno*,[9] we addressed the issue of whether the petitioner suffered actual and substantial prejudice as a result of a post-hearing delay of three years before a decision was issued. Because *Miller* was decided under the prior administrative review system controlled by the DMV[10], we modified Syllabus Point 5 of *Miller* to reflect the current administrative system and held that:

> On appeal to the circuit court from an order of the Office of Administrative Hearings affirming the revocation of a party's license to operate a motor vehicle in this State, when the party asserts that his or her constitutional right to due process has been violated by a delay in the issuance of the order by the Office of Administrative Hearings, the party must demonstrate that he or she has suffered actual and substantial prejudice as a result of the delay. Once actual and substantial prejudice from the delay has been proven, the circuit court must then balance the resulting prejudice against the reasons for the delay.[11]

In rejecting the DMV's assertion that the respondent in *Staffileno* was entitled to relief only if he established that his ability to defend himself was compromised, we determined that the application of such a standard was only appropriate when a party challenges a pre-hearing delay.[12] In so finding, we reasoned:

> In the context of a delay in issuing an order after a hearing had been held, the issue of prejudice necessarily involves prejudice

_____

[9] 239 W. Va. 538, 803 S.E.2d 508 (2017).

[10] The OAH was created to hear appeals of DUI matters pursuant to West Virginia Code § 17C-5C-5, effective June 11, 2010.

[11] Syl. Pt. 2, *Staffileno*, 239 W. Va. 538, 803 S.E.2d 508.

[12] *Id*. at __, 803 S.E.2d at 513.

7

to a party that occurred *after the hearing was held*. As a general matter, under *Miller* the standard for post-hearing prejudice will ordinarily involve *some type of change in a party's circumstances that may have been substantially prejudiced because of the delay in issuing a final order by OAH*.[13]

In *Staffileno*, we determined that an accountant who retired following his revocation hearing and became a bus driver had suffered actual and substantial prejudice as a result of the delay. We concluded that the circuit court had properly determined that the petitioner would not have retired and changed his employment if OAH had issued a timely decision.[14] As required by *Miller*, we then balanced the resulting prejudice to respondent against the reason for the delay by the OAH and held that "[i]n light of the evidence establishing prejudice from the delay in issuing the order and the absence of any evidence showing the reason for the delay, we find no basis to disturb the circuit court's decision on that . . . issue."[15]

---

[13] *Id*. (emphasis added).

[14] *Id*. at __, 803 S.E.2d at 513-14.

[15] *Id.* at __, 803 S.E.2d at 514. The DMV made the same arguments in *Staffileno* that it does here, asserting that it is a separate entity from OAH and thus not responsible for the delay. However, we stated that "while we can appreciate DMV's efforts to disassociate itself with causing the delay, ultimately the burden was upon it to inform the circuit court and this Court of the possible reason for the delay." *Id*. (emphasis added).

8

In concluding that prejudice existed in *Staffileno*, we specifically distinguished our prior decision in *Warner v. Reed*,[16] where one of the issues raised by the driver, who maintained a CDL license, was that he was prejudiced by a two-year delay between the time that his administrative hearing was held and the issuance of the order revoking his license.[17] We rejected the driver's argument in *Warner* because he failed to present any evidence of prejudice from the delay in issuing the revocation order:

> Finally, the Court similarly finds no violation of petitioner's due process rights in the approximately two-year delay between the administrative hearing and the issuance of the order revoking petitioner's license. In support of this assignment of error, petitioner alleges only that this delay caused him prejudice *because the matter was transferred from the hearing examiner who actually presided over his hearing to another hearing examiner who later entered the order revoking his license.* According to petitioner, even if the original examiner had drafter [sic] the order, the delay likely would have caused her to be unable to recall crucial elements of his case. We note, however, that petitioner provides no evidence to support this claim. We further find that, while the DMV did engage in an unnecessarily long delay in issuing the order, *there is no evidence in the record that the hearing examiner would have made different findings if the order had been entered sooner.* For these reasons, given the specific facts of this case, we find that the delay between the hearing and the issuance of the order revoking petitioner's license did not constitute a violation of his due process rights.[18]

---

[16] No. 15-0229, 2016 WL 870614 (W. Va. Mar. 7, 2016) (memorandum decision).

[17] *Staffileno*, 239 W. Va. at __, 803 S.E.2d at 514.

[18] *Warner*, 2016 WL 870614, at *6 (emphasis added).

9

Subsequently, in *Straub v. Reed*,[19] we held that that a pharmaceutical sales representative failed to establish that an eleven-month delay in the issuance of his license revocation order by the OAH resulted in actual and substantial prejudice. In that case, the petitioner testified that his employer regularly issued notices of potential layoffs and that, although he kept his job during the course of the proceedings, he attempted to secure other employment but was denied jobs based upon his potential license revocation.[20] The DMV made the same arguments it makes in this case regarding its lack of control over the delay by the OAH. Citing our holding in *Staffileno*, we rejected the DMV's argument on this issue and instead focused our analysis on whether the driver demonstrated actual and substantial prejudice.[21] We declined to grant the petitioner relief because he could identify "no actual and substantial prejudice, e.g., some type of detrimental change in his circumstances, related to the delay in OAH issuing its final order."[22]

DMV asserts, and we agree, that the facts of this case are akin to *Straub* with respect to the issue of whether the circuit court erred in finding that Mr. Boley has established actual and substantial prejudice as a result of the delay.[23] Here, Mr. Boley has

---

[19] 239 W. Va. 844, __, 806 S.E.2d 768, 775 (2017).

[20] *Id*. at __, 806 S.E.2d at 771.

[21] *Straub,* 239 W. Va. at __, 806 S.E.2d at 775.

[22] *Id*. (emphasis added).

[23] During oral argument, DMV asserted that the circuit court's finding of prejudice as a result of the delay was erroneous under our recent decision in *Straub*, which was filed

10

not actually alleged "*some type of detrimental change in his circumstances, related to the delay in OAH issuing its final order.*"[24] Rather, before the circuit court, Mr. Boley simply asserted that as a commercial truck driver with limited education and limited employment opportunities other than driving in the construction or trucking industry, he was prejudiced by the two and a half year delay in the issuance of the OAH's order. When the circuit court asked Mr. Boley's counsel whether he would still suffer the same prejudice even if the OAH had entered the order in a timely fashion, Mr. Boley's counsel stated:

> He might have but the point is when he did not hear from them for so long he then – again, there was no reason for him to believe that he had to make a contingency plan for that ultimately happening. Two and a half years go by and the facts in the *Moredock* case are kind of similar to this, so, yeah. . . . he might have lost his license and he could have appealed that decision here just like he did now, but again, his case is dismissed in magistrate court so the charges are dropped. There's no DUI.

> . . . .

> [W]hat I'm trying to do is get you into his head. In other words, "Look, okay. The case against me in magistrate court is dismissed. I don't have a DUI. Now I don't hear from these guys for two and a half years. I'm not going to worry about it. I'm not going to have my wife try to find a job or me try to find another job that does not require me driving or try to find some way to support my family. My guess is they've forgotten about me. They are not going to take my license. I'm not going to make those contingency plans and, bang, here it comes in the mail and I'm suspended.

---

after DMV submitted its brief to the Court in this case. We agree with the DMV that *Straub* is instructive with respect to the circumstances before us now.

[24] *Id.*

Mr. Boley's assertion that he did not make any contingency plans, such as attempting to find a job that would not require him to drive, because he believed that the OAH had forgotten about his case and would not revoke his license is unavailing. Mr. Boley has not specifically identified some type of detrimental change in his circumstances that was related to the delay in OAH issuing its final order itself, like the circumstances before us in *Staffileno*, and thus, we conclude that the circuit court's finding of prejudice was erroneous. Accordingly, we reverse the circuit court's order.[25]

## IV. CONCLUSION

For these reasons, we reverse the Circuit Court of Pleasants County's January 17, 2017 order and remand for reinstatement of the DMV's order revoking Mr. Boley's driver's license.

Reversed and Remanded.

---

[25] Because we reverse the circuit court's order on this basis, we need not address DMV's remaining assignments of error.